STEFANI E. SHANBERG (Bar No. 206717)
sshanberg@perkinscoie.com
NATHAN B. SABRI (Bar No. 252216)
nsabri@perkinscoie.com
ROBIN L. BREWER (Bar No. 253686)
rbrewer@perkinscoie.com
KARL M. JOHNSTON (Bar No. 327446)
kjohnston@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendants
AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., AND
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC., <br><br> Defendants. | Case No. 3:23-CV-00057-WHO <br><br> **DEFENDANTS' MOTION TO DISMISS WILLFULNESS CLAIMS** <br><br> Date: April 26, 2023 <br> Time: 2:00 p.m. <br> Location: Courtroom 2, 7th Floor <br> Judge: Hon. William H. Orrick |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 26, 2023, or as soon thereafter as this matter can be heard before the Honorable Judge William Orrick in Courtroom 2, Seventh Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Amazon.com, Inc. ("Amazon"), Amazon Web Services, Inc. ("AWS"), and Twitch Interactive, Inc. ("Twitch") (collectively, "Defendants") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss BSD Crown Ltd.'s ("BSD" or "Plaintiff") claims of willful infringement of U.S. Patent No. 6,389,473 ("the '473 patent"). Defendants' motion is based on this notice of motion, the accompanying memorandum of points and authorities, the proposed order submitted herewith, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

Dated: March 20, 2023

PERKINS COIE LLP

By: */s/ Stefani E. Shanberg*
   Stefani E. Shanberg
   PERKINS COIE LLP

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., AND
TWITCH INTERACTIVE, INC.

I.      INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

BSD pleads no facts in support of its allegations of willful infringement of a patent that expired in March 2019. "To establish willful patent infringement, the patent owner must prove knowledge of the patent and knowledge of infringement." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) (Alsup, J.). The Federal Circuit has explained that willful infringement requires "deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329–30 (Fed. Cir. 2021). "[T]he patentee [is required] to show that 'the accused infringer had a specific intent to infringe at the time of the challenged conduct.'" *Dali Wireless, Inc. v. Corning Optical Comm'ns LLC*, No. 20-cv-6469, 2022 WL 1426951, at *3 (N.D. Cal. May 5, 2022) (Chen, J.). "Since *Halo*, courts in the [Northern District of California] have required willful infringement claims to show both knowledge of the … [p]atents *and* egregious conduct in order to survive a motion to dismiss." *Cyph, Inc. v. Zoom Video Comm'ns, Inc.*, No. 22-cv-561, 2022 WL 17170146, at *8 (N.D. Cal. Nov. 22, 2022) (White, J.) (citing *Google LLC v. Princeps Interface Techs.*, No. 19-cv-6566, 2020 WL 1478352, at *2 (N.D. Cal. Mar. 26, 2020) (Chen, J.)).

BSD's complaint should be dismissed for failure to allege deliberate or intentional infringement. BSD's complaint contains no facts to suggest that any alleged infringement by *any* Defendant was deliberate or intentional. BSD fails to allege basic knowledge of the '473 patent by AWS or Twitch, and offers nothing more than unsupported conjecture with respect to Amazon.com. BSD alleges no "pre-suit notice through a cease-and-desist letter that calls out the patent claims, the accused product, and the way it infringes the claims," and there is no allegation of any "fair chance to cease or obtain a license," a "worthwhile practice" encouraged in *Sonos*. *Sonos*, 591 F. Supp. 3d at 643. BSD's complaint also fails to allege egregious conduct by any Defendant. *See Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 840 (N.D. Cal. 2021) (Chen, J.) (holding patentee must allege egregiousness to survive motion to dismiss); *see also Dali Wireless*, 2022 WL 1426951, at *4 (same).

BSD cannot cure these defects: BSD sent no letter at all; there were no pre-suit discussions; and there is no history between the parties. BSD's willfulness claims should be dismissed without leave to amend as to all Defendants.

## II. FACTUAL BACKGROUND

BSD filed this case against Amazon, AWS, and Twitch, alleging infringement of the '473 patent, which expired on or before March 24, 2019. Dkt. No. 1 ("Compl."). In nearly identical boilerplate paragraphs, BSD conclusorily alleges that Defendants' infringement "has been willful and deliberate." *Id.* ¶¶ 80, 85.

BSD asserts that Amazon Technologies, Inc. ("ATI")—an Amazon.com subsidiary—learned of the asserted patent on December 18, 2015, while prosecuting its own patent, U.S. Patent No. 9,703,594. *Id.* ¶¶ 41–51. BSD then alleges that Amazon.com had knowledge of the asserted patent because of its parent relationship with ATI. *Id.* ¶ 41 n.5. BSD makes no allegations that AWS had knowledge of the asserted patent. *Id.* ¶¶ 40–53. And incredibly, BSD alleges that Twitch had knowledge of the asserted patent because it used the same law firm as ATI—not the same lawyer, but the same "account"—for some of its patent prosecution. *Id.* ¶¶ 52–53.

BSD does not allege any Defendant acted with intent to infringe. The closest BSD gets is a single paragraph saying that "Amazon.com and Twitch knew, or should have known, that the adaptive multi-bit rate technology of the '473 Patent was foundational to the Amazon and Twitch streaming systems," and that "[e]ven a cursory review of the '473 Patent by Amazon and Twitch's patent counsel would have shown that the Amazon (e.g., AWS Elemental Media Services) and Twitch live streaming systems infringe the '473 Patent." *Id.* ¶ 54. This alleged review is *hypothetical*. BSD does not allege that it actually happened, much less that any defendant had the required intent to infringe. *See id.* Finally, as to egregious conduct, BSD pleads the bare conclusion that "[o]n information and belief, Amazon and Twitch acted egregiously because they knew of or were willfully blind as to whether they infringed the '473 Patent and deliberately infringed BSD's patent rights." *Id.* ¶ 56.

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

at 555. Factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct must be pled. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim may be dismissed without leave to amend if the amendment would be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Sealant Sys. Int'l, Inc. v. TEK Global*, No 11-cv-0774-PSG, 2012 WL 13662, at *3–4 (N.D. Cal. Jan. 4, 2012) (Grewal, J.) (dismissing willfulness claims without leave to amend where plaintiff failed to provide any reason an amendment "would be anything other than futile").

To state a claim for willful infringement, a plaintiff must allege that the accused infringer knew of the patent-in-suit and deliberately or intentionally infringed the patent after acquiring that knowledge. *See SRI*, 14 F.4th at 1329–30. The Federal Circuit recently reinforced this principle, stating that "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021).

All courts in this district agree that pleading willfulness requires—at a minimum— "specific intent to infringe be pled with plausibility," which means "that knowledge of the patent and knowledge of infringement must be pled with plausibility." *See, e.g., Sonos*, 591 F. Supp. 3d at 643. Some courts in this district—before and following *SRI*—require more. Some courts require that willful infringement claims also plausibly allege "egregious conduct in order to survive a motion to dismiss." *See Dali Wireless*, 2022 WL 1426951, at *2; *Fortinet*, 543 F. Supp. 3d at 840; *Google*, 2020 WL 1478352, at *2; *Cyph*, 2022 WL 17170146, at *8 (citing *Google*, 2020 WL 1478352, at *2); *cf. Sonos*, 591 F. Supp. 3d at 644 (holding that, once willfulness is adequately pled, "complaint need not go further and specify the further aggravating circumstances warranting enhanced damages."); *Core Optical Techs, LLC. v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021) (Chhabria, J.) (same).

## IV.  ARGUMENT

### A.  It is Irrefutable that BSD Fails to Plead Any Defendant Acted with Specific Intent to Infringe the '473 Patent.

It is black-letter law that willfulness requires "deliberate and intentional infringement."

*SRI*, 14 F.4th at 1329–30. Put another way, defeating a motion to dismiss willfulness claims "requires the patentee to show that 'the accused infringer had a specific intent to infringe at the time of the challenged conduct.'" *Dali Wireless*, 2022 WL 1426951, at *3 (internal citations omitted). BSD has not—because it cannot—pled the required "intent to infringe" by any Defendant at any time, much less any relevant time. *Sonos*, 591 F. Supp. 3d at 643 (requiring "specific intent to infringe be pled with plausibly"). BSD also cannot plead the prerequisite "knowledge of infringement" with plausibility. *Sonos*, 591 F. Supp. 3d at 643 (requiring "knowledge of infringement must be pled with plausibility").

Courts in this district have described circumstances that may lead to a plausible allegation of intent to infringe. In *Sonos*, the Court explained that "[a]n important practical aspect of our patent system is encouraging the practice of pre-suit notice through a cease-and-desist letter that calls out the patent claims, the accused product, and the way it infringes the claims." *Id.*[1] The Court goes on to recognize that "there can be circumstances where willful infringement is properly alleged despite the absence of a notice letter, [f]or example, the alleged infringer may have learned of the patent in a previous lawsuit [o]r, the alleged infringer may have had a prior license, but the license ran out." *Id.* at 644. Under any of these circumstances, the alleged infringer is given a "meaningful opportunity to cease infringement or to get a license." *Id.* at 643. A claim for willfulness arises when the alleged infringer is given such an opportunity, including knowledge of the patent and knowledge of infringement, and does not modify its conduct. Willful infringement, however, "is the exception, not the rule." *Id.* at 644. *Sonos* held that the plaintiff failed to adequately allege willful infringement where the complaint included allegations that the defendant "(a) had actual knowledge of the '033 Patent and [the] infringement contentions …, (b) engaged in the aforementioned activity despite an objectively high likelihood that [its] actions constituted infringement of the '033 Patent, and (c) this objectively-defined risk was either known or so

---

[1] Even willful infringement allegations when the plaintiff did send a pre-suit notice letter may not be sufficient where the letter fails to identify the asserted patents or explain why the accused product at issue infringes. *See, e.g.*, *Dynamic Data Technologies v. Google LLC*, No. 19-cv-1529, 2020 WL 1285852, *2–3 (D. Del. Mar. 18, 2020) (dismissing willful infringement claim where notice letter "did not allege that Google infringed any of the patents-in-suit, let alone explain why it is that the accused Google products at issue infringed those particular patents.").

obvious that it should have been known to [defendant]." *Id.* (complaint citations omitted). Similarly, and by way of further example, in *Fortinet*, the Court found the plaintiff's allegations of pre-suit outreach to the defendant concerning the patent portfolio after which defendant continued to sell the accused products and declined to engage in serious licensing discussions "more redolent of a run-of-the-mill patent dispute" and concluded the allegations "do not show culpable knowledge of likely infringement." *Fortinet*, 543 F. Supp. 3d at 841–842.

Here, BSD's sole paragraph arguably alleging intentional conduct consists of nothing more than self-serving conclusory statements improperly conflating knowledge of a patent—which here is tenuous at best—with knowledge of infringement:

> Amazon.com and Twitch knew, or should have known, that the adaptive multi-bit rate technology of the '473 Patent was foundational to the Amazon and Twitch streaming systems. Even a cursory review of the '473 Patent by Amazon and Twitch's patent counsel would have shown that the Amazon (e.g., AWS Elemental Media Services) and Twitch live streaming systems infringe the '473 Patent.

Compl. ¶ 54. BSD's statement is based upon a *hypothetical* review that it claims "would have shown" infringement had it happened, and certainly does not reach the sort of direct, particularized information provided by the examples enumerated in *Sonos*. BSD's allegation further rests on the erroneous suggestion that there is an affirmative duty to investigate infringement. The Federal Circuit explicitly eliminated any such requirement. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1369, 1371 (Fed. Cir. 2007) (describing duty of due care as affirmative duty to determine infringement after receiving notice of patent and "abandon[ing] the affirmative duty of due care").

BSD does not—and cannot—allege that it sent a cease-and-desist letter or that there is any other history between it and any Defendant from which any Defendant could have obtained knowledge of infringement such that it could develop intent to infringe. BSD's allegation does not lead to a plausible inference that there exists *notice* of infringement, *knowledge* of infringement, or *intent to infringe* by any standard.

> **B.     It is Irrefutable that BSD Fails to Plead AWS or Twitch Had Knowledge of the '473 Patent.**

"To state a claim for willful infringement, a patentee must allege that the accused infringer had knowledge of the patent prior to filing the lawsuit." *Illumina, Inc. v. BGI Genomics Co.*, No.

19-CV-03770, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) (Orrick, J.). BSD has not plausibly pled the basic requirement of knowledge of the asserted patent by AWS or Twitch.[2]

BSD includes *no allegations* that AWS had knowledge of the '473 patent. *See* Compl. ¶¶ 40–56. The section of BSD's complaint entitled "Defendants' Knowledge of the '473 Patent" does not mention AWS. *Id.* BSD's allegations are directed only to Amazon.com and Twitch. *Id.* BSD's willful infringement claim as to AWS consists of a single boilerplate paragraph. Compl. ¶ 80. BSD's claims of willfulness as to AWS should be dismissed on this basis alone. *See Sonos*, 591 F. Supp. 3d at 647 (dismissing far more specific and detailed allegations).

As to Twitch, BSD stretches credulity well beyond plausible inference to allege Twitch had knowledge of the asserted patent before it filed the complaint and before the '473 patent expired. The crux of the allegations is that Twitch used the same law firm—not even the same attorney—as ATI for its own prosecution of unrelated patents and that the law firm identified the "account" under which it was operating as that of Amazon. Compl. ¶¶ 52–53. This strained theory whereby knowledge of outside patent counsel is imputed to a client has been soundly rejected. *See Olaf Sööt Design, LLC v. Daktronics, Inc.*, 325 F. Supp. 3d 456, 464 (S.D.N.Y. 2018) (refusing to impute knowledge of outside patent prosecution counsel to client on an agency-principal theory and noting that plaintiff failed to identify "single case holding that knowledge from outside legal counsel is imputable to a client corporation for purposes of willful patent infringement" and that Court could find no such cases). There are good reasons that no case accepting BSD's theory exists. *See id*. Law firms engaged in patent prosecution or litigation would risk putting their clients in jeopardy of accusations of willful infringement for hundreds or thousands of patents depending on how large or busy their law firm may be. Arguing that *any* knowledge of a patent obtained by *any* individual in a law firm suffices to put a client on notice for willfulness is absurd. BSD's allegations fail to plausibly suggest that Twitch had knowledge of the asserted patent. On this basis alone, BSD's claim that Twitch willfully infringed the '473 patent should be dismissed.[3]

---

[2] For purposes of this motion, Amazon neither concedes nor challenges whether BSD sufficiently alleged that Amazon.com, Inc. had pre-suit knowledge of the asserted patent. Conclusory as the allegations may be, BSD did attempt to so allege as to Amazon.com, Inc. Compl. ¶¶ 40–41.
[3] Elsewhere in its complaint, BSD correctly asserts that "AWS and Twitch are wholly owned by Amazon.com." Compl. ¶ 13. Courts universally hold that knowledge of a related entity alone is

**C.     It is Irrefutable that BSD Fails to Plead Egregious Conduct by Any Defendant.**

This Court should follow those courts in this district that require a plausible allegation of "egregious conduct in order to survive a motion to dismiss" willful infringement claims. *See Dali Wireless*, 2022 WL 1426951, at *2; *See Fortinet*, 543 F. Supp. 3d at 840; *Google*, 2020 WL 1478352, at *2; *Cyph*, 2022 WL 17170146, at *8 (citing *Google*, 2020 WL 1478352, at *2).[4] "[W]illfulness is relevant only to damages calculations," specifically enhanced damages, which require a finding of egregious conduct. *Cyph*, 2022 WL 17170146, at *8 (internal citation omitted). The requirement to allege facts demonstrating egregious conduct properly follows the Supreme Court's direction that "conduct warranting enhanced damages has been variously described … as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). When a "plaintiff's allegations are conclusory and do not rise to the level needed to plausibly allege willful infringement"—like the allegations here—courts in this district have found them deficient to allege conduct that was "'egregious' under *Halo*" and have dismissed them. *See, e.g.*, *Cyph*, 2022 WL 17170146, at *8 (citing *Google*, 2020 WL 1478352, at *2); *Fortinet*, 543 F. Supp. 3d at 841–42; *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willfulness claims where plaintiff made "no specific factual allegations about [defendant's] subjective intent, or … behavior that would suggest its behavior was 'egregious'").

As to egregiousness, BSD alleges only: "On information and belief, Amazon and Twitch acted egregiously because they knew of or were willfully blind as to whether they infringed the '473 Patent and deliberately infringed BSD's patent rights." Compl. ¶ 56; *see also id*. ¶¶ 80, 85 (repeating boilerplate accusations). "Deliberate infringement" is part of the basic standard for

---

insufficient for purposes of alleging knowledge of a patent for willfulness. *See, e.g.*, *Semiconductor Energy Lab. Co. v. Chi Meo Optoelectronics Corp.*, 531 F. Supp. 2d 1084, 1115 (N.D. Cal. 2007) (Patel, J.) (parent company's knowledge of patent not imputed to subsidiaries); *ZitoVault, LLC v. Int'l Bus. Mach. Corp.*, No. 16-cv-962-BML, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) ("[k]nowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary" and more than bare fact of parent/subsidiary relationship must be pled).
[4] *Sonos*, *Dali Wireless*, and *Cyph* were all decided after the Federal Circuit decision in *SRI*.

willfulness. *See SRI*, 14 F.4th at 1329–30 (holding test for willfulness is whether there is "deliberate or intentional infringement"). Egregious conduct requires more. *Halo*, 579 U.S. at 103–104. Devoid of factual support, this bare conclusion is insufficient to plausibly—or possibly—suggest Defendants acted egregiously. *See Dali Wireless*, 2022 WL 1426951, at *2. The parties and the Court should not be required to devote resources to litigating conclusory willfulness claims that cannot be supported by facts showing the egregious conduct required for enhanced damages.

## V.    CONCLUSION

Because BSD fails to plead knowledge, deliberate or intentional infringement, and egregious conduct, and because no facts can be alleged that would cure these multiple defects, Defendants respectfully request that the Court dismiss BSD's allegations of willful infringement of the '473 patent with prejudice. *See AmerisourceBergen Corp.*, 465 F.3d at 951.

Dated: March 20, 2023

By: */s/ Stefani E. Shanberg*
Stefani E. Shanberg
PERKINS COIE LLP

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., AND
TWITCH INTERACTIVE, INC.