UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BSD CROWN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | Case No. 3:23-cv-00057-WHO <br><br> **ORDER ON MOTION TO DISMISS** <br> Re: Dkt. No. 32 |

Plaintiff BSD Crown, LTD ("BSD") filed this case alleging direct and willful infringement of its patent, U.S. No. 6,389,473 ("'473 Patent"). Defendants Amazon.com, Inc. ("Amazon.com"), Amazon Web Services, Inc. ("AWS") and Twitch Interactive, Inc. ("Twitch") (and collectively, "defendants") filed a motion to dismiss. For the reasons explained below, the motion is GRANTED in part and DENIED in part, with leave to amend.

**BACKGROUND**

**I.   FACTUAL BACKGROUND**

The United States Patent and Trademark Office ("USPTO") issued the relevant patent-in-suit, the '473 Patent, on May 14, 2002. Complaint ("Compl.") [Dkt. No. 1] ¶ 21. BSD alleges that the '473 Patent gives BSD exclusive rights to a video streaming technology called "Dynamic Adaptive Streaming over HTTP" and "HTTP Live Streaming." *Id.* ¶¶ 2, 6, 57–71. It explains that the patented technology improves real-time video streaming broadcasts. *Id.* ¶¶ 2, 23. It alleges that Amazon.com, AWS, and Twitch currently use this technology to stream live broadcasts and consequently infringe on BSD's patent. *Id.* ¶¶ 57–64.

BSD says that Amazon.com used Baker & Hostetler LLP of Philadelphia as its patent prosecution counsel and that the firm learned of the '473 Patent while prosecuting Amazon.com's

patent because the '473 Patent was included as a primary prior art reference in an issued rejection. *Id.* ¶¶ 42–46. It asserts that Amazon.com "solicited an interview with the patent examiner" after its patent application was initially rejected by USPTO. *Id.* ¶ 47. BSD alleges that Amazon.com's proposed amendments to its patent application and its interview summary from February 11, 2016, which both reference the '473 Patent as alleged prior art, demonstrate its knowledge of the patent-in-suit. *Id.* ¶ 47; Ex. 12. at 42–44. According to BSD, parent company and defendant Amazon.com learned of the '473 Patent in 2015 or earlier through the USPTO patent prosecution process, when one of Amazon.com's patent applications was rejected. *See id.* ¶¶ 40–51.

BSD alleges that AWS and Twitch also used Baker & Hostetler and that the firm imputed knowledge of the '473 Patent to AWS and Twitch. *Id.* ¶¶ 52-55, 74, 85. It notes the parent-subsidiary relationship of Amazon.com to AWS and Twitch, *id.* ¶¶ 69–76, and points to USPTO records that show that "at least three" of Twitch's patents were prosecuted under Amazon.com's Baker & Hostetler account rather than under an account assigned solely to Twitch, *id.* ¶ 53; Ex. 13.

BSD brings one cause of action for patent infringement against Amazon.com and AWS. *Id.* ¶¶ 77-81. It also brings one cause of action for patent infringement against Twitch. *Id.* ¶¶ 82-86. Both causes of action are premised on claims of direct infringement or infringement under the doctrine of equivalents. *Id.* ¶¶ 78, 83. BSD alleges that all defendants acted egregiously because they knew or were willfully blind to their infringing acts. *Id.* ¶ 56.

## II. PROCEDURAL BACKGROUND

The defendants filed a joint motion to dismiss the claims of willful infringement. ("Mot.") [Dkt. No. 32]. BSD opposed. ("Oppo.") [Dkt. No. 40]. The defendants replied. ("Repl.") [Dkt. No. 41]. I held a hearing at which counsel for both parties appeared.

## LEGAL STANDARD

### I. RULE 8(A)(2)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which

2

it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To comply with Rule 8(a), a plaintiff "must allege the basis of [its] claim against each defendant . . . to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

**II.    RULE 12(B)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

The defendants move to dismiss BSD's willful infringement claims, arguing that BSD failed to plead (1) that AWS and Twitch had the requisite knowledge of the patent, (2) that any defendant had the specific intent to infringe, and (3) that any defendant engaged in egregious conduct. *See* Mot. BSD contests each argument. *See* Oppo.

To prove a willful infringement claim, a jury must find that the defendant had pre-suit knowledge of the patent-in-suit and that the defendant infringed deliberately or intentionally. *See, e.g.*, *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105–06 (2016)); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329–30 (Fed. Cir. 2021); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022). In other words, "[t]o establish willfulness, the patentee must show the accused infringer had [the] specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021) (citing *Halo*, 579 U.S. at 105–06).

However, no binding appellate decisions discuss the pleading requirements for a willful infringement claim. *See Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) ("No post-*Halo* appellate authority addresses any pleading requirements for . . . willful infringement."). Rather, in applying the Federal Circuit's rules for *proving* willful infringement after *Eko*, courts in this district have reasoned that to survive a motion to dismiss, a plaintiff must plausibly plead "knowledge of the patent and knowledge of infringement." *Id.*; *see also Dali Wireless, Inc. v. Corning Optical Comm'ns LLC*, Case No. 20-6469-EMC, 2022 WL 16701926, at *3 (N.D. Cal. Nov. 3, 2022).

And courts in this district diverge in whether plaintiffs must plausibly plead that the defendants engaged in egregious conduct. *Compare Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 840 (N.D. Cal. 2021) (requiring plaintiffs to plead egregiousness), *with Sonos*, 591 F. Supp. 3d at 647 (rejecting the requirement to plead egregiousness).

**I. KNOWLEDGE OF THE PATENT**

The defendants argue that BSD failed to plead pre-suit knowledge of the '473 Patent for

4

AWS and Twitch, though they do not contest Amazon.com's knowledge of the patent. *See* Mot. at 5–7 & n.2; Repl. at 5–9.  BSD asserts that the companies' patent prosecution counsel imputed knowledge of the '473 patent to AWS and Twitch through a principal-agent relationship and that the parent-subsidiary relationship between the companies helps establish knowledge.[1]  Oppo. 7:1-5; 8:13-10:1; Compl. ¶¶ 52–53.

A plaintiff must plausibly plead pre-suit knowledge of the patent for willful infringement to survive a motion to dismiss. *Illumina, Inc. v. BGI Genomics Co., Ltd.*, No. 19-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020); *see also Sonos*, 591 F. Supp. 3d at 644; *Word to Info, Inc. v. Google, Inc.*, 140 F. Supp. 3d 986, 989–90 (N.D. Cal. 2015).  BSD's theory of knowledge is that Baker & Hostetler imputed knowledge to AWS and Twitch, so first I turn to the standard for pleading knowledge imputation.

The Federal Circuit has acknowledged that both state law and federal common law may apply to questions of imputed knowledge. *See Long Island Savings Bank, FSB v. United States*, 503 F.3d 1234, 1249 (Fed. Cir. 2007) (reasoning that federal and New York law had "similar standards" for knowledge imputation, and analyzing the case under both standards); *see also Belton Indus., Inc. v. United States*, 6 F.3d 756, 761 (Fed. Cir. 1993) (applying federal common law for knowledge of notice); *Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829–30 (Fed. Cir. 1988) (applying Ninth Circuit law, which applied California state law to determine whether the knowledge of an attorney with confidential information is imputed to the entire firm); *Immunocept, LLC v. Fulbright & Jaworski*, *LLP*, 504 F.3d 1281, 1287 (Fed. Cir. 2007) (applying Texas law to knowledge imputation analysis).  Here, then, Ninth Circuit and state law precedent guide questions of knowledge imputation.

In the Ninth Circuit, "[c]lients are 'considered to have notice of all facts known to their lawyer-agent.'" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989)).  "Because the client is

---

[1] BSD also asserts that that Twitch is an alter ego of AWS, and that AWS uses Twitch technology, *see* Oppo. 7:6-17, but even if true, it is not clear how that shows either company knew of the patent.  And, alleging that Amazon and Twitch have "deep ties" is too high-level to plausibly allege Twitch knew of the patent.  *See id.* 7:18-22.

5

presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)). However, more recently in the bankruptcy context, the Ninth Circuit held that there is no precedent supporting "imput[ing] to a client knowledge that [its] lawyer gained while representing a *different* client." *In re Perle*, 725 F.3d 1023, 1028 (9th Cir. 2013). In the context of professional responsibility, a court in the Eastern District reasoned that imputation of an attorney's knowledge to an entire law firm may depend on whether that attorney was "personally involved" in the prior case. *See Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 911 (E.D. Cal. Apr. 21,1997); *cf. Asyst Techs., Inc. v. Empak, Inc.*, 962 F. Supp. 1241, 1242 (N.D. Cal. Apr. 18, 1997) (reasoning that where an attorney with knowledge of confidential information "is currently a member of a law firm, her knowledge is imputed to all members of the firm" to disqualify the firm from representing adverse counsel). A district court in Washington also explained that an attorney's knowledge can be imputed to its client, but its reasoning indicated that imputation is relatively fact dependent. *See Glob. Enters., LLC v. Montgomery Purdue Blankenship & Austin PLLC*, 52 F. Supp. 3d 1162, 1168 (W.D. Wash. 2014), *aff'd*, 691 F. App'x 460 (9th Cir. 2017).

More recently, a court in the Central District of California contemplated an imputation theory of pre-suit knowledge in the context of patent prosecution for the purposes of a 12(b)(6) motion to dismiss. *See Core Optical Techs., LLC v. Nokia Corp.*, No. SA-cv-1902190-JAK-RAOX, 2020 WL 6126285 at *6–7 (C.D. Cal. Oct. 8, 2020) (hereinafter "*Nokia*"). In *Nokia*, like this case, the plaintiff argued that pre-suit knowledge of a patent originated from a prior art reference cited by the USPTO during patent prosecution. *Id.* at *6. They contended "that the knowledge of a party's patent prosecution lawyers can be imputed to [another] party." *Id.* But there, the court declined to find a plausible inference of pre-suit knowledge because plaintiff failed to specify which counsel actually prosecuted the patents at issue. *Id.*

In this case, whether knowledge is imputed from Baker & Hostetler to AWS and Twitch depends on several factors, including the relationship between Baker & Hostetler and Amazon.com, whether AWS and Twitch are "different clients" from Amazon.com, whether the

6

individual counsel who supervised Amazon.com's patent prosecution also supervised AWS and Twitch's patents, and other relevant facts. *See In re Perle*, 725 F.3d at 1028; *Dieter,* 936 F. Supp. at 911; *Asyst Techs.*, 962 F. Supp. at 1242; *Glob. Enters.*, 52 F. Supp. 3d at 1168; *Nokia*, 2020 WL 6126285, at *7. To support its theory, BSD points to USPTO records that show that "at least three" of Twitch's patents were prosecuted under Amazon.com's Baker & Hostetler account rather than under an account assigned solely to Twitch, Compl. ¶ 53; Ex. 13, and points to the parent-subsidiary relationship of Amazon.com to AWS and Twitch, Compl. ¶¶ 69–76; Oppo. at 7.

        Given the state of Ninth Circuit law and the low bar as explained by *Illumina*, it seems possible for a plaintiff to allege a theory of knowledge imputation by pleading that the defendant's counsel knew of the patent and so the defendant knew of it, too. *See Nokia*, 2020 WL 6126285, at *6–7; *Cmty. Dental Servs.*, 282 F.3d at 1168. Here, for example, BSD might plead that the same attorneys who learned of the patent while prosecuting Amazon.com's patent then worked on patent prosecution at Twitch and AWS—or even that the patent prosecution team at Baker & Hostetler is sufficiently small that it is plausible that the same attorneys worked on both cases—and so imputed their knowledge to Twitch and AWS in that work. *Cf. Dieter*, 936 F. Supp. at 911 (noting an attorney's personal involvement in cases affects knowledge imputation); *see also Asyst Techs.*, 962 F. Supp. at 1242. BSD could, for example, allege that Amazon.com, AWS, and Twitch are not "different client[s]" and so knowledge gained working for each is imputed to the others, *In re Perle*, 725 F.3d at 1028 (emphasis omitted). But the closest BSD gets to such an allegation is that three Twitch patents were prosecuted under a Baker & Hostetler account assigned to "Amazon," Compl. ¶¶ 52-53 (emphasis omitted), from which it would be a stretch to infer that the same attorneys who previously learned of the '473 Patent by prosecuting Amazon.com's patent also later conducted relevant work at Twitch. Combined with BSD's failure to engage with relevant knowledge imputation law, or even to point to case law addressing parent-subsidiary relationships and knowledge imputation, BSD does not plausibly allege that the same counsel knew of BSD's patent and imputed that knowledge to AWS and Twitch. Accordingly, even with the low bar and flexible test for knowledge, BSD's complaint does not plausibly allege knowledge for AWS or Twitch.

7

1      Lastly, and as relevant if BSD chooses to amend its complaint, I note that I am
2 unpersuaded by the defendants' citation to *Olaf Soot Design, LLC v. Daktronics, Inc.*, 325 F.
3 Supp. 3d 456, 464 (S.D.N.Y. 2018), for the proposition that a knowledge imputation theory in the
4 context of patent prosecution has been "soundly rejected" in the courts. *See* Mot. at 6. In *Olaf*,
5 the plaintiff alleged that knowledge from outside patent prosecution counsel was imputed to the
6 defendant, but the court found knowledge was not imputed because evidence in the record negated
7 that theory. 325 F. Supp. 3d at 463. For example, correspondence between patent prosecution
8 counsel revealed that it advised the defendant-client that they did not need to review the USPTO's
9 rejection and that "a response to [the] patent rejection would be drafted 'without requiring any
10 work'" from the defendant-client. *Id.* Moreover, the defendant-client had no in-house counsel to
11 review a counsel's work. *Id.* Here, though, neither BSD nor the defendants have pointed to
12 similar facts as those in *Olaf* which would tend to prove or disprove a defendant's pre-suit
13 knowledge. And, even if there were such facts, *Olaf* is not wholly applicable because it focused
14 on a finding of willfulness, not on a finding of knowledge.
15      Accordingly, BSD fails to sufficiently plead pre-suit knowledge of the patent for AWS and
16 Twitch. The claims against AWS and Twitch are DISMISSED with leave to amend.

## II.    SPECIFIC INTENT TO INFRINGE

18      The defendants also argue that BSD fails to plausibly plead that any defendant specifically
19 intended to infringe. Mot. at 3:28–5:24. In opposition, BSD asserts that its allegations concerning
20 Amazon.com's pre-suit knowledge of the patent combined with the "detailed claim charts"
21 showing that Amazon.com's products infringe are sufficient to show that all defendants intended
22 to infringe. *See* Oppo. 10:4-13:4.
23      "Knowledge of the asserted patent and evidence of infringement is necessary, but not
24 sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional
25 infringement." *Bayer Healthcare*, 989 F.3d at 988; *see also BASF Plant Sci*, 28 F.4th at 1274
26 (same). To plead deliberate or intentional infringement, plaintiffs may plead "knowledge of
27 infringement," which they can do by pleading that "the accused infringer had a specific intent to
28 infringe at the time of the challenged conduct." *Sonos*, 591 F. Supp. 3d at 643 (quoting *Bayer*

*Healthcare*, 989 F.3d at 987–88); *Dali Wireless*, 2022 WL 16701926, at *3 (same). Because knowledge of infringement is different from knowledge of the patent, distinct allegations must be pleaded in the complaint. *See Dali Wireless*, 2022 WL 16701926, at *6. And while knowledge of infringement must be pled with plausibility, *see Sonos*, 591 F. Supp. 3d at 643, plaintiffs need not prove their case at the pleading stage; indeed, it may not be until discovery that a plaintiff has access to the evidence it needs to detail the defendant's specific intent to infringe.

As a preliminary matter, because BSD fails to plead that AWS or Twitch knew of the patent, these defendants could not plausibly have intended to infringe the patent, and these claims are DISMISSED with leave to amend.

BSD's allegations, on the other hand, are sufficient to show that Amazon.com intended to infringe the '473 Patent. First, Amazon.com does not contest that it knew of the patent. Making all plausible inferences in BSD's favor from the well-pleaded facts, Amazon.com knew of the patent at least by December 2015, when the rejection of its '254 Application listed the BSD's '473 Patent as the primary prior art reference. Compl. ¶¶ 40-46.

Second, BSD's complaint pleads specific intent because the allegations go beyond mere knowledge of the patent to plausibly plead that Amazon.com knew of the infringement. *See Dali Wireless*, 2022 WL 16701926, at *6; *Bayer Healthcare*, 989 F.3d at 988. BSD alleges that despite knowledge of the '473 Patent, Amazon.com repeatedly tried to convince the USPTO that its technology was different (and may have been successful for at least some claims), and continued to use the allegedly infringing technology for the past eight years. Combined with the well-pleaded allegations and claim charts that assert Amazon.com's technology infringes, it is plausible to infer that Amazon.com knew that its technology infringed the '473 Patent yet willfully continued its infringing behavior. While the allegations are not nearly as strong as the jury findings affirmed by the Federal Circuit in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017), where the evidence showed the defendant knew of the patents, "conducted only a cursory analysis of the patents, waited years before seeking advice of . . . counsel, and unsuccessfully tried to buy the asserted patents," the *Artic Cat* opinion arose after a jury trial, while the pleadings here are pre-discovery and are bound to be less detailed.

1    The facts here are also different from *Fortinet*, 543 F. Supp. 3d at 841-42, where the Honorable Edward M. Chen found that the plaintiff failed to plausibly plead intent[2] by alleging that the defendant was unwilling to and repeatedly refused to discuss licensing the plaintiff's patents.  Here, of course, the allegations assert that Amazon.com has known of the patent for eight years, has repeatedly tried to convince the USPTO that its own technology was different, and has used the allegedly infringing technology since that point.  And this case also differs from *Finjan, Inc. v. Cisco Systems Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017), where the Honorable Beth Labson Freeman found thathere were "no specific factual allegations about [the defendant's] specific intent" aside from "conclusory allegations of knowledge and infringement," because here the allegations are specific and nonconclusory.

The defendants' sole argument to the contrary is unconvincing.  They assert that BSD did not send a pre-suit letter to the defendants and so cannot show specific intent to infringe.  But whether a pre-suit letter alerted a defendant to infringement goes to knowledge, not to specific intent, and the defendants do not contest that Amazon.com knew of the patent.  Additionally, the reasoning is flawed even as to knowledge:  there are "circumstances where willful infringement is properly alleged despite the absence of a notice letter" such as where "the alleged infringer . . . learned of the patent in a previous lawsuit [] [o]r . . . had a prior license." *Sonos*, 591 F. Supp. 3d at 644; *see also Juniper Networks*, 562 F. Supp. 3d at 381 (finding pre-suit knowledge where the plaintiff alleged the patent was the subject of previous litigation in the "tight-knit industry" and that the defendant was connected to a party that disclosed the patent's existence).  This is one of those circumstances, because Amazon.com learned of the suit through prior prosecution.

Finally, in its opposition BSD relies on two cases that it says shows that a plaintiff can plead induced infringement by plausibly alleging that the defendant knew of the patent and that

---

[2] This case more specifically addressed whether the plaintiff pleaded *egregious* intent, which as discussed in the following section, *infra* Part III, is not necessary at this stage.  At least one court in this district has specifically noted that at the pleading stage, pleading egregiousness is the same as pleading specific intent.  *See Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021) (hereinafter "*Juniper Networks*") (subsequent history omitted) ("As for egregiousness, a patentee need only plead that the defendant engaged in 'deliberate or intentional infringement.'" (quoting *Eko Brands*, 946 F.3d at 1378)).

10

1   the claims infringe.  *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379–80 (Fed. Cir.
2   2017); *Lytone Enter., Inc. v. Agrofresh Sols., Inc.*, No. 1:20-cv-678, 2021 WL 534868, at *5 (D.
3   Del. Feb. 12, 2021).  These cases concerned the standard for induced infringement, not willful
4   infringement, and so I do not rely on them in making my finding.  *See, e.g.*, *SRI Int'l*, 14 F.4th at
5   1329 ("To be clear, a finding of induced infringement does not compel a finding of willfulness.
6   Indeed, the standard required for willful infringement is different [from] that required for induced
7   infringement.").  However, their reasoning does makes sense in the context of willful
8   infringement.  Where a plaintiff plausibly alleges that the defendant knew of the patent—and, as
9   here, knew of the patent for years—and pleads that the technology infringed in many clear ways, it
10  is reasonable to infer that the defendant knew that it was infringing the patent.  At this early stage
11  in litigation, a plaintiff is not expected to plead in detail all the facts that may support intent; that is
12  the purpose of discovery.  For now, it is sufficient to plausibly allege that Amazon.com knew of
13  the patent, that it tried several times to convince the USPTO that the technology did not infringe,
14  that the technology did in fact infringe, and that it has infringed for eight years despite its
15  knowledge.  Accordingly, BSD plausibly alleges willful infringement.[3]

16  For those reasons, then, BSD's allegations that Amazon.com willfully infringed the '473
17  Patent are plausible.  The motion is DENIED as to this argument.

18  **III.   EGREGIOUSNESS**

19  The parties disagree over whether plaintiffs must plead egregious conduct in willful
20  infringement claims, and if required, whether BSD sufficiently pleaded egregiousness here.

21  A plaintiff alleging patent infringement may recover enhanced damages, but her ability to
22  do so relies on the existence and extent of egregious behavior by the defendant.  *See Sonos*, 591 F.
23  Supp. 3d at 643–45.  Because the Federal Circuit has not provided clear post-*Halo* guidance on

---

[3] In opposition, BSD argues that it pleaded specific intent by alleging that Amazon.com was willfully blind to the patent.  But it is not clear why allegations of willful blindness would show specific intent, as willful blindness is a theory of knowledge.  *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770–71 (2011).  Notably *Fortinet*, 543 F. Supp. 3d at 841, is not to the contrary: in stating that willful blindness "may suffice to state a claim for willful infringement," Judge Chen cited *TC Tech. LLC v. Sprint Corp.*, No. 16-CV-153-RGA, 2019 WL 529678, at *4 (D. Del. Feb. 11, 2019), which cited *Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 623 (D. Del. 2017), where willful blindness went to the knowledge of the defendant.

pleading requirements for willful infringement claims, courts in this district are somewhat divided over whether plaintiffs must plead egregiousness for a willful infringement claim to survive a motion to dismiss.  *See id.* at 644 n.1 (collecting cases).

In *Sonos*, the Honorable William Alsup relied on the Federal Circuit's holdings in *Eko* and *Halo* that enhanced damages should not be addressed until "after infringement is *proven*" to reason that so long as a willful infringement plaintiff adequately pleads willfulness, the plaintiff "need *not* go further and specify the further aggravating circumstances warranting enhanced damages."  *Id.* at 644-45; *see also Eko Brands*, 946 F.3d at 1378 ("The question of enhanced damages is addressed by the court once an affirmative finding of willfulness has been made." (citing *Halo*, 579 U.S. at 105-06)); *Juniper Networks*, 562 F. Supp. 3d at 381 ("[T]he ultimate question whether the alleged conduct is sufficiently egregious to warrant enhanced damages is for the Court to decide at summary judgment or after trial.").  I am persuaded by this reasoning; as stated in *Sonos*, "[t]he full extent of egregious behavior is [often] unknown at the pleading stage."  *Sonos*, 591 F. Supp. 3d at 645.  Accordingly, BSD was not required to plead specific acts of egregiousness to survive a motion to dismiss; its detailed allegations of specific intent are sufficient at this stage.

Accordingly, the motion is DENIED as to this argument.

## CONCLUSION

The motion to dismiss is GRANTED in part and DENIED in part.  BSD may file any amended complaint within 20 days of the issuance of this order.

**IT IS SO ORDERED.**

Dated: July 27, 2023

William H. Orrick
United States District Judge