STEFANI E. SHANBERG (Bar No. 206717)
sshanberg@perkinscoie.com
NATHAN B. SABRI (Bar No. 252216)
nsabri@perkinscoie.com
ROBIN L. BREWER (Bar No. 253686)
rbrewer@perkinscoie.com
MATHIEU A SWIDERSKI (Bar No. 330333)
mathieuswiderski@perkinscoie.com
KARL M. JOHNSTON (Bar No. 327446)
kjohnston@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile:  (415) 344-7050

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON WEB SERVICES, INC., AND<br>TWITCH INTERACTIVE, INC.,<br><br>Defendants. | Case No. 3:23-CV-00057-WHO<br><br>**AMAZON'S MOTION TO CERTIFY<br>FOR INTERLOCUTORY APPEAL<br>PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date:       Wednesday, October 4, 2023<br>Time:       2:00 p.m.<br>Location:  Courtroom 2, 17th Floor<br>Judge:     Hon. William H. Orrick |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on Wednesday, October 4, 2023, or as soon thereafter as

3    this matter can be heard before the Honorable Judge William Orrick in Courtroom 2, Seventeenth

4    Floor, United States District Court for the Northern District of California, San Francisco

5    Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Amazon.com, Inc.

6    ("Amazon") will and hereby does move for certification for interlocutory appeal pursuant to 28

7    U.S.C. § 1292(b).  Amazon's motion is based on this notice of motion, the accompanying

8    memorandum of points and authorities, the proposed order submitted herewith, all exhibits and

9    other papers on file in this action, such other evidence and argument as may be presented at or

10   before the hearing on this motion, and all matters of which the Court may take judicial notice.

11   Dated:  August 24, 2023                          PERKINS COIE LLP

12                                                    By: */s/ Stefani E. Shanberg*

13                                                        Stefani E. Shanberg
                                                          PERKINS COIE LLP
14
15                                                        *Counsel for Defendant*
                                                          AMAZON.COM, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.     Introduction and Statement of Issues to Be Decided ........................................................ 1

II.    Background ........................................................................................................................ 2

III.   Legal Standard .................................................................................................................. 3

IV.    The Post-*Halo* Willfulness Pleading Standard is Suited for Interlocutory Review .......... 3

    A.    There is substantial ground for differences of opinion about whether a
         willful infringement claim requires pleading egregious conduct........................... 4

        1.    Reasonable jurists disagree with this Court's conclusion ......................... 4

        2.    *Halo*'s effect on the willfulness pleading standard is a question of
             first impression for the Federal Circuit ..................................................... 5

        3.    In the absence of appellate guidance, district courts have been split
             on the issue for more than half a decade .................................................. 6

    B.    The willfulness pleading standard is a controlling issue of law........................... 13

    C.    An immediate appeal may materially advance this litigation .............................. 13

    D.    Additional practical considerations weigh in favor of exercising discretion
         to certify this case for interlocutory review ....................................................... 14

V.     Conclusion ...................................................................................................................... 17

# TABLE OF AUTHORITIES

CASES

*AlexSam, Inc. v. Aetna, Inc.*,
No. 19-cv-1025-VAB, 2020 WL 5502323 (D. Conn. Sept. 11, 2020) .................................... 9

*Apple Inc. v. Princeps Interface Techs. LLC*,
No. 19-cv-6352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26, 2020).................................... 6

*Arbmetrics, LLC v. Dexcom Inc.*,
No. 18-cv-134-JLS, 2019 WL 12473781 (S.D. Cal. Feb. 19, 2019) .................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................... 4, 13

*Autronic Plastics, Inc. v. Apogee Lighting, Inc.*,
No. 19-cv-6268-MKB, 2021 WL 5965715 (E.D.N.Y. Dec. 16, 2021).................................... 9

*Bayer HealthCare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021).................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ 4, 15, 16

*Berall v. Pentax of Am., Inc.*,
No. 10-cv-5777-LAP, 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021).................................... 11

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022).......................................................................... 11

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
No. 16-cv-885, 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017) .................................... 16

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989)................................................................................................ 15

*Brice Env't Servs. Corp. v. Arcadis U.S., Inc.*,
No. 21-cv-141-JMK, 2022 WL 1032930 (D. Alaska Apr. 6, 2022)............................ 5, 12, 16

*Brickman v. Facebook, Inc.*,
No. 16-cv-751-TEH, 2017 WL 1508719 (N.D. Cal. Apr. 27, 2017)...................... 4, 6, 12, 13

*Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*,
No. 18-cv-760-TSE, 2019 WL 8107921 (E.D. Va. Feb. 26, 2019) ........................................ 7

*Canela v. Costco Wholesale Corp.*,
No. 13-cv-3598-BLF, 2018 WL 3008532 (N.D. Cal. June 15, 2018) .............................. 12, 13

*Cellcontrol, Inc. v. Mill Mountain Cap., LLC*,
No. 21-cv-246-MFU, 2022 WL 598752 (W.D. Va. Feb. 28, 2022) ...................................... 10

*Century Wrecker Corp. v. Vulcan Equip. Co.*,
902 F.2d 43 (Fed. Cir. 1990) .......................................................................................... 5

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
No. 16-cv-857-RCJ, 2016 WL 4521682 (D. Nev. Aug. 29, 2016) ........................................ 7

*CG Tech. Dev., LLC v. Zynga, Inc.*,
No. 16-cv-859-RCJ, 2017 WL 662489 (D. Nev. Feb. 17, 2017) ........................................... 7

*Continental Cirs. LLC v. Intel Corp.*,
No. 16-cv-2026-DGC, 2017 WL 2651709 (D. Ariz. June 19, 2017) ............................. 7, 8, 16

*Core Optical Techs., LLC v. Juniper Networks Inc.*,
562 F. Supp. 3d (N.D. Cal. 2021) ................................................................................... 10

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ........................................................................................... 4

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.*,
No. 22-cv-561-JSW, 2022 WL 17170146 (N.D. Cal. Nov. 22, 2022) ................................... 7

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
No. 20-cv-6469-EMC, 2022 WL 1426951 (N.D. Cal. May 5, 2022) ..................................... 6

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
No. 20-cv-6469-EMC, 2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) ................................... 6

*Document Sec. Sys., Inc. v. Lite-On, Inc.*,
No. 17-cv-6050-JVS, 2018 WL 2422589 (C.D. Cal. Feb. 5, 2018) ................................... 6, 8

*Dresser, LLC v. VRG Controls, LLC*,
No. 18-cv-1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018) ......................................... 10

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ..................................................................................................... 16

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
946 F.3d 1367 (Fed. Cir. 2020) ....................................................................................... 5

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
927 F.3d 1292 (Fed. Cir. 2019) ..................................................................................... 15

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) ..................................................................................... 15

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) ........................................................................... 5

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*,
   No. 22-cv-676-H, 2023 WL 2756494 (S.D. Cal. Mar. 30, 2023) ........................................... 12

*Finder v. Leprino Foods Co.*,
   No. 13-cv-2059-AWI, 2016 WL 4095833 (E.D. Cal. Aug. 1, 2016) .............................. 14, 16

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ........................................... 6

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-72-BLF, 2018 WL 7131650 (N.D. Cal. Feb. 6, 2018) ........................................... 6

*Fluidigm Corp. v. IONpath, Inc.*,
   No. 19-cv-5639-WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) ........................................... 7

*FluorDx LLC v. Quidel Corp.*,
   No.19-cv-1998-JLS, 2020 WL 4464475 (S.D. Cal. Aug. 4, 2020) ..................................... 8, 9

*Fortinet, Inc. v. Forescout Techs., Inc.*,
   543 F. Supp. 3d 814 (N.D. Cal. 2021) ................................................................. 6, 14

*Garmin Switzerland GmbH v. Navico, Inc.*,
   No. 16-cv-2706-CM, 2017 WL 3781835 (D. Kan. Aug. 31, 2017) ........................................... 8

*Genentech, Inc. v. Eli Lilly & Co.*,
   No. 18-cv-1518-JLS, 2019 WL 4345788 (S.D. Cal. Sept. 12, 2019) ........................................... 8

*Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*,
   No. 21-cv-942-TDS, 2022 WL 16901987 (M.D. N.C. Nov. 10, 2022) .......................... 12, 16

*Gobalo, LLC v. Horizon Grp. USA, Inc.*,
   No. 21-cv-1639-TWR, 2022 WL 3588415 (S.D. Cal. Aug. 22, 2022) ..................................... 9

*Google LLC v. Princeps Interface Techs. LLC*,
   No. 19-cv-6566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020) ..................................... 6

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   579 U.S. 93 (2016) .............................................................................. *passim*

*Hor v. Chu*,
   699 F.3d 1331 (Fed. Cir. 2012) ........................................................................... 5

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-cv-6137-HSG (N.D. Cal. Apr. 2, 2019) ........................................................... 7

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982)........................................................................... 3, 13

*In re Text Messaging Antitrust Litig.*,
   630 F.3d 622 (7th Cir. 2010)............................................................................ 14, 15

*Jenkins v. LogicMark, LLC*,
   No. 16-cv-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25, 2017)........................... 7

*Karl Storz Endoscopy-Am. Inc. v. Integrated Med. Sys. Int'l, Inc.*,
   400 F. Supp. 3d 1248 (N.D. Ala. 2019) ............................................................... 10

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
   No. 22-cv-4947-EJD, 2023 WL 5209720 (N.D. Cal. Aug. 14, 2023) .................... 10

*KOM Software Inc. v. NetApp, Inc.*,
   No. 18-cv-160-RGA, 2018 WL 6167978 (D. Del. Nov. 26, 2018) ........................ 11

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
   No. 17-cv-313-MSG, 2018 WL 834583 (D. Del. Feb. 18, 2018)........................... 11

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*,
   No. 16-cv-11458-DJ, 2017 WL 3795769 (D. Mass. Aug. 30, 2017)...................... 10

*Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*,
   564 F. Supp. 3d 1126 (D. Utah 2021) .................................................................. 11

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ........................ 8

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,
   553 F. Supp. 3d 1297 (N.D. Ga. 2021) ................................................................ 11

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
   472 F. Supp. 3d 377 (E.D. Mich. 2020)................................................................ 12

*N. Atl. Imports, LLC v. NexGrill Indus., Inc.*,
   No. 19-cv-1195, 2020 WL 1042209 (C.D. Cal. Jan. 23, 2020) .............................. 8

*Nanosys, Inc. v. QD Vision, Inc.*,
   No. 16-cv-1957-YGR, 2017 WL 35511 (N.D. Cal. Jan. 4, 2017) ........................... 7

*Nasdaq, Inc. v. IEX Grp., Inc.*,
   No. 18-cv-3014-BRM, 2019 WL 102408 (D. N.J. Jan. 4, 2019)........................... 11

*Nike, Inc. v. Puma N. Am., Inc.*,
   No.18-cv-10876-TLS, 2018 WL 4922353 (D. Mass. Oct. 10, 2018)..................... 10

*NovaPlast Corp. v. Inplant, LLC,*
   No. 20-cv-7396-KM, 2021 WL 5770264 (D. N.J. Dec. 6, 2021) .......................................... 11

*Novartis Vaccines & Diagonstics, Inc. v. Regeneron Pharms., Inc.,*
   No. 18-cv-2434-DLC, 2018 WL 5282887 (S.D.N.Y. Oct. 24, 2018) ..................................... 8

*Nutrition 21 v. United States,*
   907 F.2d 157 (Fed. Cir. 1990) ............................................................................................... 5

*OANDA Corp. v. Gain Cap. Holdings, Inc.,*
   No. 20-cv-5784-BRM, 2021 WL 1186778 (D. N.J. Mar. 30, 2021) .................................... 11

*Paice LLC v. Volvo Car Corp.,*
   No. 20-cv-3737-RDB, 2021 WL 2580149 (D. Md. June 23, 2021) ...................................... 12

*Paragon Films, Inc. v. Berry Global, Inc.,*
   No. 20-cv-2440-JPM, 2020 WL 12957354 (W.D. Tenn. Nov. 24, 2020) .............................. 8

*PLC Trenching Co. v. IM Servs. Grp., LLC,*
   No. 20-cv-602-CWD, 2021 WL 3234590 (D. Idaho July 29, 2021) ...................................... 9

*Polaris PowerLED Techs., LLC v. Vizio, Inc.,*
   No. 18-cv-1571-JVS, 2019 WL 3220016 (C.D. Cal. May 7, 2019) ...................................... 8

*Princeton Digit. Image Corp. v. Ubisoft Ent'mt SA,*
   No. 13-cv-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) ................................... 9

*Puget Bioventures, LLC v. Biomet Orthopedics LLC,*
   325 F. Supp. 3d 899 (N.D. Ind. 2018) ................................................................................. 16

*Raines v. Switch Mfg.,*
   No. 96-cv-2648-DLJ, 1997 WL 578547 (N.D. Cal. July 28, 1997) ...................................... 5

*Reese v. BP Exploration (Alaska) Inc.,*
   643 F.3d 681 (9th Cir. 2011) ..................................................................................... 4, 13, 14

*Ritz Camera & Image, LLC v. SanDisk Corp.,*
   463 F. App'x 921 (Fed. Cir. 2012) ...................................................................................... 14

*Rollins v. Dignity HealthRollins v. Dignity Health,*
   No. 13-cv-1450-TEH, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) ................................. 13

*Schwendimann v. Stahls', Inc.,*
   510 F. Supp. 3d 503 (E.D. Mich. 2021) .............................................................................. 12

*Simpson Performance Prods., Inc. v. NecksGen Inc.,*
   No. 17-cv-1704-BEN, 2018 WL 2229396 (S.D. Cal. May 16, 2018) .................................... 9

*Smith v. Extreme Performance 1, LLC,*
    No. 20-cv-328-RGK, 2020 WL 5092913 (C.D. Cal. June 23, 2020) ................................ 5, 8

*Sonos, Inc. v. Google LLC,*
    591 F. Supp. 3d 638 (N.D. Cal. 2022) ............................................................................. *passim*

*Sonos, Inc. v. Google LLC,*
    No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ................................ 16

*Sonos, Inc. v. Google LLC,*
    No. 22-134, Pet. for Permission to Appeal, ECF No. 2 (Fed. Cir. Mar. 29,
    2022) ...................................................................................................................... 17

*Sonos, Inc. v. Google LLC,*
    No. 22-134, Cross-Pet. for Permission to Appeal, ECF No. 8 (Fed. Cir. Apr. 7,
    2022) ...................................................................................................................... 17

*South Ferry LP v. Killinger,*
    542 F.3d 776 (9th Cir. 2008)................................................................................. 14

*Susan McKnight, Inc. v. United Indus. Corp.,*
    273 F. Supp. 3d 874 (W.D. Tenn. 2017)........................................................... 7, 8

*Therabody, Inc. v. Tzumi Elecs. LLC,*
    No. 21-cv-7803-PGG-RWL, 2022 WL 17826642 (S.D.N.Y. Dec. 19, 2022)........................ 11

*Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Duratal SA,*
    345 F. App'x 565 (Fed. Cir. 2009) ..................................................................... 14

*Ultra-Precision Mfg. Ltd. v. Ford Motor Co.,*
    338 F.3d 1353 (Fed. Cir. 2003).............................................................................. 3

*Universal Elecs., Inc. v. Roku, Inc.,*
    No. 18-cv-1580-JVS (C.D. Cal. Mar. 5, 2019) ..................................................... 8

*Välinge Innovation AB v. Halstead New Engl. Corp.,*
    No. 16-cv-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............................. 11

*Varian Med. Sys., Inc. v. Elekta AB,*
    No. 15-cv-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016)................................ 9

*Vectra Fitness, Inc. v. Pac. Fitness Corp.,*
    135 F.3d 777 (Fed. Cir. 1998)................................................................................ 5

*Warn Indus., Inc. v. Agency 6 Inc.,*
    No. 22-cv-1358-WBS, 2023 WL 2413932 (E.D. Cal. Mar. 8, 2023) ............................... 12

*WiNet Labs LLC v. Apple Inc.,*
    No. 19-cv-2248-EJD, 2020 WL 409012 (N.D. Cal. Jan. 24, 2020)........................... 7

*Wishnev v. Nw. Mut. Life Ins. Co.*,
   No. 15-cv-3797-EMC, 2016 WL 9223857 (N.D. Cal. Mar. 28, 2016)................................. 13

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-3848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) ........................................ 6

*Zoltek Corp. v. United States*,
   Misc. No. 903, 2009 WL 3169301 (Fed. Cir. Sept. 30, 2009)................................................ 14

STATUTES

28 U.S.C. § 1292(b) ............................................................................................................*passim*

## I.  INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Since *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016), district courts around the country have become deeply split about the minimum requirements to state a claim for willful patent infringement. Some courts hold that a plaintiff must allege egregious conduct to survive a motion to dismiss; others hold the opposite and enforce no such pleading requirement. That fundamental issue affects all cases involving willfulness allegations. But because pleading standards by nature tend to evade appellate review, district courts have continued for years to disagree on the correct law without unifying guidance from the Federal Circuit. Judge Alsup sought direction on the willfulness pleading standard by *sua sponte* certifying his order for interlocutory review in *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 649 (N.D. Cal. 2022). The request in *Sonos* was denied. As set forth below, this case presents an even better vehicle to request and obtain that much-needed guidance.

Indeed, the ongoing divide cries out for appellate review and clarification—and 28 U.S.C. § 1292(b) provides a good mechanism for obtaining it here. Section 1292(b) permits certifying an interlocutory order for immediate appeal when (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion on that legal question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

The Court's ruling on willfulness recognizes the unsettled nature of the willfulness pleading standard and meets all three requirements. The correct pleading standard for willful infringement is a pure issue of law, and it is controlling and dispositive of BSD's willfulness claims in this case. BSD did not plead egregious conduct. When Defendants moved to dismiss BSD's willful infringement claims, BSD argued—and this Court agreed—that no such pleading was required as a matter of law. BSD did not assert facts in the alternative that supported egregiousness, and it did not amend its complaint when given the opportunity. Accordingly, if pleading egregious conduct *is* required, BSD's willfulness claims would fail as a matter of law, materially advancing this case toward resolution. Furthermore, the entrenched split between district courts plainly demonstrates substantial grounds for reasonable disagreement on the correct standard. Meanwhile, the status quo is dysfunctional. The existing district-by-district disparity in pleading standards

promotes forum shopping, contrary to Congress's goal of nationwide patent-law uniformity, and letting futile willfulness claims persist creates lopsided settlement leverage and downstream distortions in reasonable-royalty calculations.

In short, this is a prototypical opportunity for interlocutory appeal, and Amazon respectfully moves this Court for an order under § 1292(b) certifying its order that denied in part Defendants' motion to dismiss BSD's claims of willful patent infringement (Dkt. No. 51). This Court should certify that order so that the Federal Circuit can provide guidance on the central, recurring, and unresolved issue of the correct pleading standard for willful infringement, including whether egregiousness must be pled.

## II.    BACKGROUND

This Court dismissed BSD's willful infringement claims in part. Dkt. No. 51 ("Order"). Specifically, the Court dismissed willfulness claims against AWS and Twitch but not against Amazon. *Id.* at 8. Because this Court gave BSD twenty days to remedy the problems with its pleadings, *id.* at 12, Amazon waited until BSD had that chance to amend before bringing this motion. Now that BSD has opted not to amend, Amazon moves to certify the original Order for interlocutory review. *Id.* at 11-12.

BSD sued Amazon, AWS, and Twitch, alleging infringement of U.S. Patent No. 6,389,473. Dkt. No. 1 ("Compl."). BSD alleged not only infringement but also willful infringement. *Id.* ¶¶ 80, 85. Defendants identified three serious problems with BSD's willful infringement pleadings.

*First*, BSD did not plausibly allege that either AWS or Twitch knew of the '473 patent. But "[k]nowledge of the asserted patent" is necessary for willfulness. *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). BSD never argued that anyone at AWS or Twitch knew of the '473 patent—it just offered a host of theories to impute others' knowledge to those companies. Defendants explained why BSD's pleadings did not suffice. Dkt. No. 32 at 5-6; Dkt. No. 41 at 5-9. *Second*, BSD did not plausibly allege that any defendant had specific intent to infringe. Willfulness requires "deliberate or intentional infringement." *Bayer*, 989 F.3d at 988. But BSD alleged only knowledge of the patent and that Defendants infringed. All three Defendants moved to dismiss on that additional basis, Dkt. No. 32 at 3-5; Dkt. No. 41 at 1-5. *Third*, BSD did

not plausibly allege that any defendant acted egregiously. *Twombly* and *Iqbal* require showing that a claimant is plausibly entitled to relief. Any relief on a willful infringement claim requires egregious conduct. And while the *extent* of that conduct is for a judge to decide, its *existence* is a threshold matter. Dkt. No. 32 at 7-8; Dkt. No. 41 at 9-10. BSD responded that it is not required to plead egregiousness. Dkt. No. 40 at 13.

This Court agreed with Defendants on the first issue but not the second or third. That was enough to dispense with BSD's willfulness claims against AWS and Twitch. Order at 8. Although this Court did not agree with Defendants on the second and third issues, the Order noted that district courts are divided on willfulness pleading standards. *Id.* at 4, 11-12. This Court dismissed the claims against AWS and Twitch, but it also granted BSD its requested leave to amend. *Id.* Despite having requested leave to amend, BSD ultimately did not do so. Once it became clear that the pleadings were in their final form, Amazon brought this motion.

## III.   LEGAL STANDARD

A district court has discretion to certify an order for interlocutory appeal if (1) the order "involves a controlling question of law," (2) there is "substantial ground for difference of opinion" on that question, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Ultra-Precision Mfg. Ltd. v. Ford Motor Co*., 338 F.3d 1353, 1357 (Fed. Cir. 2003); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## IV.   THE POST-*HALO* WILLFULNESS PLEADING STANDARD IS SUITED FOR INTERLOCUTORY REVIEW

This is a paradigmatic case for interlocutory review. For seven years, courts have lamented the lack of Federal Circuit guidance in the wake of *Halo* on the proper pleading standard for willful infringement and have come out on opposite sides about whether egregiousness must be pled. Resolving that standard now would have significant precedential value, and it would also streamline this case. Pragmatic concerns also weigh in favor of review: by dealing with this question now, this Court can efficiently avoid significant costs and economic distortions associated with letting unfounded willfulness claims proceed.

**A.**    **There is substantial ground for differences of opinion about whether a willful infringement claim requires pleading egregious conduct**

There are substantial differences of opinion among district courts regarding what a plaintiff must plead for a willful infringement claim after *Halo*—and in particular, whether egregiousness must be plausibly alleged. The difference-of-opinion prong asks "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). That prong is typically met where courts "are in dispute on the question and the court of appeals of the circuit has not spoken on the point," or "if novel and difficult questions of first impression are presented." *Id.* (citation omitted). And "[o]ne of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed." *Brickman v. Facebook, Inc.*, No. 16-cv-751-TEH, 2017 WL 1508719, at *3 (N.D. Cal. Apr. 27, 2017) (citation omitted).

This case meets that standard for three reasons.

**1.**    **Reasonable jurists disagree with this Court's conclusion**

A substantial ground for difference exists "where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). This Court concluded that BSD was not required to plead egregiousness. Order at 11-12. Defendants provided reasons to support a contrary standard, with which other courts have agreed. *See infra* Section IV.A.3.

*Twombly* and *Iqbal* require that a complaint plausibly suggest that "the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The only relief for a willful infringement claim is enhanced damages. Enhanced damages require egregiousness. *Halo*, 579 U.S. at 103-04. If a plaintiff cannot show that *some* egregiousness is even plausible, a willfulness claim is futile.

This Court reasoned that the full extent of egregious behavior is often unknown at the pleadings stage. Order at 12 (citing *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 645 (N.D. Cal. 2022)). But no one has suggested that a plaintiff needs to plead the full extent of egregiousness. The same difficulty is true of infringement generally: the full extent of infringement is rarely known at the pleadings stage, yet a plaintiff must plausibly plead that *some* infringement has occurred.

This Court also reasoned that *Eko Brands* allocated the question of enhanced damages, and thus egregiousness, exclusively to the judge. Order at 12 (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). But even though a judge decides if egregiousness warrants enhancement, a jury must still decide that a plaintiff is eligible for enhanced damages in the first place. *See Eko Brands*, 946 F.3d at 1378. And even if egregiousness were entirely a judicial determination, that would not excise it from the pleading standard. Other equitable issues including inequitable conduct, equitable estoppel, and patent misuse are decided by the judge, yet must be sufficiently pled to survive a motion to dismiss. *See, e.g.*, *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (inequitable conduct); *Hor v. Chu*, 699 F.3d 1331, 1337-38 (Fed. Cir. 2012) (equitable estoppel); *Raines v. Switch Mfg.*, No. 96-cv-2648-DLJ, 1997 WL 578547, at *4 (N.D. Cal. July 28, 1997) (patent misuse).

Accordingly, Amazon's position is well supported by the law, and reasonable jurists have disagreed with this Court's conclusion. *See infra* Section IV.A.3

### 2. *Halo*'s effect on the willfulness pleading standard is a question of first impression for the Federal Circuit

The Federal Circuit has not spoken on this issue at all. That court has repeatedly considered whether an issue is one of first impression in granting interlocutory review. *See, e.g.*, *Century Wrecker Corp. v. Vulcan Equip. Co.*, 902 F.2d 43 (Fed. Cir. 1990) (nonprecedential); *Vectra Fitness, Inc. v. Pac. Fitness Corp.*, 135 F.3d 777 (Fed. Cir. 1998) (nonprecedential); *Nutrition 21 v. United States*, 907 F.2d 157 (Fed. Cir. 1990) (nonprecedential). District courts continue to reiterate that the Federal Circuit has not yet—despite over half a decade—weighed in on *Halo*'s effect on willfulness pleading. *See, e.g.*, *Brice Env't Servs. Corp. v. Arcadis U.S., Inc.*, No. 21-cv-141-JMK, 2022 WL 1032930, at *9 (D. Alaska Apr. 6, 2022) (noting "some debate" about pleading standards "[i]n the absence of controlling Federal Circuit precedent"); *Smith v. Extreme Performance 1, LLC*, No. 20-cv-328-RGK, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020) (remarking on "absence of any controlling Federal Circuit authority"); *Sonos*, 591 F. Supp. 3d at 642-43 ("No post-*Halo* appellate authority addresses any pleading requirements [for willful infringement.]"). Order at 11-12. That this is a "novel issue of first impression" for the appellate

court weighs in favor of certification for interlocutory review. *Brickman*, 2017 WL 1508719, at *3.

### 3. In the absence of appellate guidance, district courts have been split on the issue for more than half a decade

Critically, courts have repeatedly come out on opposite sides of this issue since *Halo* was decided in 2016. That split is well known. *See, e.g.*, *Document Sec. Sys., Inc. v. Lite-On, Inc.*, No. 17-cv-6050-JVS, 2018 WL 2422589, at *2 (C.D. Cal. Feb. 5, 2018) (noting that, since *Halo*, the law concerning willfulness has been in a state of flux, and *Halo*'s effect on the pleading standard for willful infringement remains unclear).

Courts in at least fifteen districts have required plaintiffs to plead egregiousness, adopting standards substantially the same as those Defendants asserted here:

**1.  Northern District of California.** In this district, Judge Freeman has required pleading egregiousness, rejecting a complaint that "failed to allege facts that that support a plausible inference that Cisco engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*." *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-72-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017). Judge Freeman's analysis—as reiterated later—made clear that the pleading requirement was tied to the availability of enhanced damages. *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-72-BLF, 2018 WL 7131650, at *4-5 (N.D. Cal. Feb. 6, 2018). Later decisions applied the same requirement. Judge Seeborg has dismissed willful infringement claims that did not allege "egregious cases of misconduct ... that could *possibly* warrant enhanced damages." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-3848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017) (quotations omitted) (emphasis added). Judge Chen has consistently required "factual allegations" supporting an inference of "egregious conduct." *Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 840-42 (N.D. Cal. 2021); *see also Google LLC v. Princeps Interface Techs. LLC*, No. 19-cv-6566-EMC, 2020 WL 1478352, at *2-3 (N.D. Cal. Mar. 26, 2020); *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-cv-6352-EMC, 2020 WL 1478350, at *2-3 (N.D. Cal. Mar. 26, 2020); *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-cv-6469-EMC, 2022 WL 1426951, at *4 (N.D. Cal. May 5, 2022); *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-cv-6469-EMC, 2022 WL 16701926, at *7 (N.D. Cal. Nov. 3, 2022). Judges Rogers, Davila,

White, and Gilliam all have tested pleadings for egregiousness. *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-cv-1957-YGR, 2017 WL 35511, at *1 (N.D. Cal. Jan. 4, 2017); *WiNet Labs LLC v. Apple Inc.*, No. 19-cv-2248-EJD, 2020 WL 409012, at *5 (N.D. Cal. Jan. 24, 2020); *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 22-cv-561-JSW, 2022 WL 17170146, at *9 (N.D. Cal. Nov. 22, 2022); *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-6137-HSG, at *4 (N.D. Cal. Apr. 2, 2019). Judge Alsup previously required pleading facts that "give rise to the reasonable inference of egregious conduct." *Fluidigm Corp. v. IONpath, Inc.*, No. 19-cv-5639-WHA, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020).

**2.   District of Nevada.** Judge Jones has repeatedly dismissed willful infringement claims that "fail to allege any facts suggesting" conduct that is egregious "beyond typical infringement" under *Halo. CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 16-cv-857-RCJ, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 16-cv-859-RCJ, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) (dismissing complaint for failure to plead egregiousness).

**3.   Eastern District of Virginia.** Judge Hudson held that "at a minimum," a plaintiff alleging willful infringement "must plead facts sufficient to support an inference plausible on its face that the alleged conduct is of the egregious nature described in *Halo Electronics*." *Jenkins v. LogicMark, LLC*, No. 16-cv-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017). Judge Ellis applied the same requirement, agreeing with the courts to have "sensibly concluded" that "to state a plausible claim of willful infringement, the complaint must also allege facts to demonstrate the defendant's behavior was egregious under the circumstances." *Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, No. 18-cv-760-TSE, 2019 WL 8107921, at *1 (E.D. Va. Feb. 26, 2019).

**4.   District of Arizona.** Judge Campbell acknowledged the growing split and held a complaint insufficient for failing to plead egregious conduct. *Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-DGC, 2017 WL 2651709, at *8 (D. Ariz. June 19, 2017).

**5.   Western District of Tennessee.** Judge McCalla confirmed that a "plaintiff must allege some egregious misconduct" to have the possibility of a remedy for willful infringement and dismissed a claim for failure to "plausibly allege" any conduct that counted. *Susan McKnight, Inc.*

1  *v. United Indus. Corp.*, 273 F. Supp. 3d 874, 881-83 (W.D. Tenn. 2017); *see also Paragon Films,*

2  *Inc. v. Berry Global, Inc.*, No. 20-cv-2440-JPM, 2020 WL 12957354, at *4 (W.D. Tenn. Nov. 24,

3  2020) (continuing to require pleadings that plausibly allege egregiousness).

4        **6.**    **District of Kansas.** Judge Murguia similarly required that a complaint "state a

5  plausible claim of egregiousness," relying on *Jenkins*, *Varian*, *Zynga*, and *Continental Circuits*, but

6  found that standard met in that case. *Garmin Switzerland GmbH v. Navico, Inc.*, No. 16-cv-2706-

7  CM, 2017 WL 3781835, at *2 (D. Kan. Aug. 31, 2017).

8        **7.**    **Central District of California.** Judge Selna found the pleading standard not "clear"

9  but joined the "majority of district courts" in the Ninth Circuit to require pleading egregiousness.

10  *Document Sec. Sys.*, 2018 WL 2422589, at *2; *see also Universal Elecs., Inc. v. Roku, Inc.*, No. 18-

11  cv-1580-JVS, at *14-15 (C.D. Cal. Mar. 5, 2019) (same); *Polaris PowerLED Techs., LLC v. Vizio,*

12  *Inc.*, No. 18-cv-1571-JVS, 2019 WL 3220016, at *4 (C.D. Cal. May 7, 2019) (same). While

13  agreeing that there was "no clear authority on the pleading standard," Judge Klausner also required

14  pleading egregiousness. *Smith*, 2020 WL 5092913, at *5. So has Judge Birotte. *N. Atl. Imports,*

15  *LLC v. NexGrill Indus., Inc.*, No. 19-cv-1195, 2020 WL 1042209, at *2 (C.D. Cal. Jan. 23, 2020).

16        **8.**    **Southern District of New York.** Judge Cote acknowledged the split but followed

17  *Finjan* and *Jenkins* to require that a plaintiff "plausibly plead facts sufficient to support an inference

18  that the infringement at issue is 'egregious.'" *Novartis Vaccines & Diagonstics, Inc. v. Regeneron*

19  *Pharms., Inc.*, No. 18-cv-2434-DLC, 2018 WL 5282887, at *2-3 (S.D.N.Y. Oct. 24, 2018).

20        **9.**    **Western District of Texas.** Judge Yeakel dismissed willful infringement

21  allegations where a complaint failed to "allege any facts raising a plausible inference of the

22  egregious behavior required under *Halo*" and specifically rejected the plaintiff's argument that

23  egregiousness need not be pled. *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-cv-309-LY, 2018 WL

24  8261315, at *3 (W.D. Tex. Nov. 30, 2018) (relying on *Varian* and *Jenkins*).

25        **10.**    **Southern District of California.** Judge Sammartino explained that a plaintiff must

26  "state facts that plausibly show" that a defendant "acted egregiously" because relief on a willfulness

27  claim is predicated on such behavior. *Genentech, Inc. v. Eli Lilly & Co.*, No. 18-cv-1518-JLS, 2019

28  WL 4345788, at *5 (S.D. Cal. Sept. 12, 2019); *see also FluorDx LLC v. Quidel Corp.*, No.19-cv-

1998-JLS, 2020 WL 4464475, at *4-5 (S.D. Cal. Aug. 4, 2020) (requiring plausible egregiousness); *Arbmetrics, LLC v. Dexcom Inc.*, No. 18-cv-134-JLS, 2019 WL 12473781, at *3-4 (S.D. Cal. Feb. 19, 2019) (same). Judge Robinson acknowledged the "absence of any controlling Federal Circuit authority," but hewed to the "majority" of courts in the circuit to have held that egregiousness must be pled. *Gobalo, LLC v. Horizon Grp. USA, Inc.*, No. 21-cv-1639-TWR, 2022 WL 3588415, at *3 (S.D. Cal. Aug. 22, 2022). Judge Benitez has also required pleading egregiousness. *Simpson Performance Prods., Inc. v. NecksGen Inc.*, No. 17-cv-1704-BEN, 2018 WL 2229396, at *4-5 (S.D. Cal. May 16, 2018).

      **11.**    **District of Delaware.** Magistrate Judge Burke—in an order adopted by Judge Stark—held that a willfulness claim "clearly falls short of the pleading requirements" where it fails to articulate how a defendant's conduct "actually amounted to an egregious cases of infringement." *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-cv-871-LPS-CJB, 2016 WL 3748772, at *4 (D. Del. July 12, 2016), *report & recommendation adopted*, 2016 WL 9307500 (Dec. 22, 2016). Many other cases in that district have followed the same reasoning. *See, e.g.*, *Princeton Digit. Image Corp. v. Ubisoft Ent'mt SA*, No. 13-cv-335-LPS-CJB, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016), *report & recommendation adopted*, 2016 WL 6594076 (Dec. 12, 2017).

      **12.**    **District of Connecticut.** Judge Bolden held that a complaint had stopped "short of the line between possibility and plausibility of entitlement to relief" because it failed "to plead either the necessary subjective intent of infringement or egregiousness." *AlexSam, Inc. v. Aetna, Inc.*, No. 19-cv-1025-VAB, 2020 WL 5502323, at *21 (D. Conn. Sept. 11, 2020).

      **13.**    **District of Idaho.** Judge Dale dismissed willful infringement allegations that failed to allege egregiousness and therefore could not "support a claim for pre-suit enhanced damages." *PLC Trenching Co. v. IM Servs. Grp., LLC*, No. 20-cv-602-CWD, 2021 WL 3234590, at *11 (D. Idaho July 29, 2021).

      **14.**    **Eastern District of New York.** Judge Brodie cited the split but followed *Novartis* and *Jenkins* to require that a plaintiff plead egregious conduct. *Autronic Plastics, Inc. v. Apogee Lighting, Inc.*, No. 19-cv-6268-MKB, 2021 WL 5965715, at *5 (E.D.N.Y. Dec. 16, 2021).

      **15.**    **Western District of Virginia.** Chief Judge Urbanski relied on *Susan McKnight* and

dismissed willful infringement allegations for failing to allege "the level of infringing conduct sufficiently egregious" to state a claim. *Cellcontrol, Inc. v. Mill Mountain Cap., LLC*, No. 21-cv-246-MFU, 2022 WL 598752, at *5 (W.D. Va. Feb. 28, 2022).

Courts in at least fourteen districts have *not* required that a complaint alleging willful infringement must plausibly plead egregiousness:

1.      **Northern District of California.** In addition to the subject Order, in this district, Judge Alsup identified the pleading question as a "recurring issue in patent litigation," and confirmed that "[n]o post-*Halo* appellate authority addresses any pleading requirements" for willful infringement at all. *Sonos*, 591 F. Supp. 3d at 642-43. He concluded that a plaintiff is "not required to plead egregiousness," largely because "the *full extent* of egregious misconduct" is typically unknown in advance. *Id.* at 645-47 (emphasis added). Judge Davila and Judge Chhabria have also not required pleading egregiousness. *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, No. 22-cv-4947-EJD, 2023 WL 5209720, at *2 (N.D. Cal. Aug. 14, 2023); *Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d at 380-81 (N.D. Cal. 2021).

2.      **District of Massachusetts.** Judge Casper concluded that egregiousness was not relevant to a motion to dismiss willful infringement claims. *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, No. 16-cv-11458-DJ, 2017 WL 3795769, at *6 (D. Mass. Aug. 30, 2017); *but see Nike, Inc. v. Puma N. Am., Inc.*, No.18-cv-10876-TLS, 2018 WL 4922353, at *4 (D. Mass. Oct. 10, 2018) (Sorokin, J., later noting "state of flux" on that question).

3.      **Northern District of Illinois.** Judge Castillo concluded that "[a]t the pleading stage, however, it is not necessary to show that the case is egregious." *Dresser, LLC v. VRG Controls, LLC*, No. 18-cv-1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018) (quotations omitted).

4.      **Northern District of Alabama.** Judge Bowdre remarked that the court could "hardly make a determination of the egregiousness of [a defendant's] conduct at the dismissal stage," and instead required only "factual allegations sufficient to plausibly demonstrate subjective willfulness." *Karl Storz Endoscopy-Am. Inc. v. Integrated Med. Sys. Int'l, Inc.*, 400 F. Supp. 3d 1248, 1258 (N.D. Ala. 2019).

5.      **District of New Jersey.** Judge McNulty held that egregiousness need not be pled,

citing two opinions holding the same in that district. *NovaPlast Corp. v. Inplant, LLC*, No. 20-cv-7396-KM, 2021 WL 5770264, at *10 (D. N.J. Dec. 6, 2021) (citing *OANDA Corp. v. Gain Cap. Holdings, Inc.*, No. 20-cv-5784-BRM, 2021 WL 1186778, at *13 (D. N.J. Mar. 30, 2021) (Martinotti, J.); *Nasdaq, Inc. v. IEX Grp., Inc.*, No. 18-cv-3014-BRM, 2019 WL 102408, at *39 (D. N.J. Jan. 4, 2019) (Martinotti, J.)).

6.     **District of Delaware.** Magistrate Judge Burke acknowledged a split on the issue—and his own prior contrary views—but concluded that "'egregiousness' should not be a part of the calculus for determining whether a patentee has set out a plausible claim of willful infringement." *Välinge Innovation AB v. Halstead New Engl. Corp.*, No. 16-cv-1082-LPS-CJB, 2018 WL 2411218, at *6-9 (D. Del. May 29, 2018), *report & recommendation adopted*, 2018 WL 11013901 (Nov. 6, 2018). In the same district, Judge Goldberg and Judge Andrews have required no "specific showing of egregiousness" in the pleadings. *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. 17-cv-313-MSG, 2018 WL 834583, at *13 (D. Del. Feb. 18, 2018); *KOM Software Inc. v. NetApp, Inc.*, No. 18-cv-160-RGA, 2018 WL 6167978, at *3 (D. Del. Nov. 26, 2018).

7.     **Northern District of Georgia.** Judge Brown acknowledged the split on egregiousness but followed the Delaware line of cases not requiring that it be pled. *Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1306 (N.D. Ga. 2021).

8.     **Southern District of New York.** Judge Preska held that egregiousness need not be pled. *Berall v. Pentax of Am., Inc.*, No. 10-cv-5777-LAP, 2021 WL 3934200, at *9 (S.D.N.Y. Sept. 2, 2021). Magistrate Judge Lehburger followed suit, citing also *Sonos* and *Välinge*. *Therabody, Inc. v. Tzumi Elecs. LLC*, No. 21-cv-7803-PGG-RWL, 2022 WL 17826642, at *5 (S.D.N.Y. Dec. 19, 2022).

9.     **District of Utah.** Judge Barlow held that a pleading need not show egregious conduct to survive a motion to dismiss. *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 564 F. Supp. 3d 1126, 1146-47 (D. Utah 2021).

10.     **Western District of Texas.** Judge Albright "refus[ed] to impose an egregiousness pleading requirement," relying on *Välinge. BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 779 (W.D. Tex. 2022).

11.    **District of Alaska.** Judge Kindred acknowledged that the willfulness pleading requirements "are the subject of some debate" in the absence of "controlling Federal Circuit precedent," but was persuaded that "egregiousness need not be pled." *Brice Env't Servs.*, 2022 WL 1032930, at *9.

12.    **Middle District of North Carolina.** Judge Schroeder appears to have adopted the view that egregiousness is not required, but commented on the split and the lack of appellate guidance. *Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, No. 21-cv-942-TDS, 2022 WL 16901987 at *3-4 (M.D. N.C. Nov. 10, 2022) (relying on cases "holding that a specific showing of egregiousness is not required at the pleading stage").

13.    **Eastern District of California.** Judge Shubb relied on *Sonos* to hold that it was enough to merely plead knowledge and specific intent. *Warn Indus., Inc. v. Agency 6 Inc.*, No. 22-cv-1358-WBS, 2023 WL 2413932, at *7 (E.D. Cal. Mar. 8, 2023).

14.    **Southern District of California.** Judge Huff also rejected the argument that egregiousness must be pled. *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-676-H, 2023 WL 2756494, at *10 (S.D. Cal. Mar. 30, 2023). She acknowledged the split among district courts on that issue. *Id.* (surveying cases).

Still other courts have not had occasion to weigh in—but have nonetheless noted the divide in views. *See, e.g.*, *Paice LLC v. Volvo Car Corp.*, No. 20-cv-3737-RDB, 2021 WL 2580149, at *4 (D. Md. June 23, 2021) (concluding that complaint satisfied either standard); *Schwendimann v. Stahls', Inc.*, 510 F. Supp. 3d 503, 512-13 (E.D. Mich. 2021) (Friedman, J.) (concluding that complaint failed either standard); *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 383-85 (E.D. Mich. 2020) (same).

Collectively, this inexhaustive list of examples reflects "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The pervasive split across and within districts confirms more than just grounds for differences of opinion—there is a real and persistent disagreement about the correct pleading standard. That unresolved conflict satisfies the second factor for certification under § 1292(b). *See, e.g.*, *Canela v. Costco Wholesale Corp.*, No. 13-cv-3598-BLF, 2018 WL 3008532, at *2 (N.D. Cal. June 15, 2018) (finding factor met in light of "intra-district conflict"); *Brickman*,

2017 WL 1508719, at *3 (similar); *Wishnev v. Nw. Mut. Life Ins. Co.*, No. 15-cv-3797-EMC, 2016 WL 9223857, at *1 (N.D. Cal. Mar. 28, 2016) (finding factor met in light of lack of appellate guidance and split among district courts).

### B.    The willfulness pleading standard is a controlling issue of law

This factor also favors certification under § 1292(b) because the willfulness pleading standard is a controlling issue of law. That standard requires only that "resolution of the issue on appeal could materially affect the outcome of litigation." *Canela*, 2018 WL 3008532, at *1 (quoting *In re Cement*, 673 F.2d at 1026).

Here, Defendants argued that egregiousness must be pled and that BSD's failure to do so doomed its claims as a matter of law; this Court disagreed and declined to dismiss on that basis. Order at 11-12. If the Federal Circuit were to hold that a plaintiff must plausibly plead egregiousness, that would dispose of BSD's remaining claim for willful infringement. BSD pled that Defendants "had knowledge" and "deliberately infringed," Dkt. No. 40 at 13-14 (citing Compl. ¶ 56), but those arguments just restated the requirements of knowledge and deliberate infringement. BSD also pled that Defendants "acted egregiously," *id.*, but that is a legal conclusion, not a factual allegation. *Iqbal*, 556 U.S. at 678 (reciting elements of claim does not suffice). BSD pled no facts related to egregiousness, and it pointed to nothing in its opposition to the motion to dismiss.

### C.    An immediate appeal may materially advance this litigation

This factor under § 1292(b) is met because disposing of BSD's willful infringement claims would materially advance the litigation. Eliminating willfulness from this case would not only simplify discovery and decrease the issues for trial, but it would also resolve one claim entirely. *Reese*, 643 F.3d at 688 (factor met even though decision would not "resolve all of [the plaintiff's] claims"). That meets the statutory standard because "trial would involve fewer disputed issues and it would be more likely that the parties would reach a settlement." *Canela*, 2018 WL 3008532, at *2 (finding third factor met where one claim might be disposed of). And early resolution of willfulness would "impact the course of further motions and discovery," even if other infringement claims remained. *Rollins v. Dignity HealthRollins v. Dignity Health*, No. 13-cv-1450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) (finding third factor met even though "many issues

[would] remain to be decided"). Further, defining the correct pleading standard is a narrow question of law whose resolution now on appeal would be more efficient than lengthy and unnecessary discovery, and trial, on willful infringement. *Finder v. Leprino Foods Co.*, No. 13-cv-2059-AWI, 2016 WL 4095833, at *5 (E.D. Cal. Aug. 1, 2016) ("[A]ppellate briefing on a relatively narrow legal issue should cost far less than litigating all the facts related to that issue in this Court."). That is especially true given that this case is in its early stages. Accordingly, courts of appeals regularly hear interlocutory appeals over even *partial* denials of motions to dismiss, *e.g.*, *South Ferry LP v. Killinger*, 542 F.3d 776, 779 (9th Cir. 2008); *Reese*, 643 F.3d at 683, and of pleading standards and similar threshold questions, *e.g.*, *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624 (7th Cir. 2010) (pleading standard); *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 F. App'x 921, 922 (Fed. Cir. 2012) (standing); *Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Dural SA*, 345 F. App'x 565, 565-65 (Fed. Cir. 2009) (standing); *Zoltek Corp. v. United States*, Misc. No. 903, 2009 WL 3169301, at *1 (Fed. Cir. Sept. 30, 2009) (permission to amend complaint).

### D.  Additional practical considerations weigh in favor of exercising discretion to certify this case for interlocutory review

Two other pragmatic considerations weigh in favor of certifying for interlocutory review.

*First*, interlocutory review would provide significant precedential value considering the pervasive split among district courts and the distorted litigation and economic landscape that split fosters. Appellate review would bring much-needed clarity to an important and frequently disputed issue, weighing in favor of exercising discretion to certify an interlocutory appeal.

As so many courts have observed, no binding appellate decision defines the pleading requirements for a willful infringement claim under *Halo*. This Court acknowledged that void, Dkt. 51 at 4, 11-12, as have many others, *see, e.g.*, *Sonos*, 591 F. Supp. 3d at 643. This Court also acknowledged that even this district is split on whether plaintiffs must plausibly plead that defendants acted egregiously. Dkt. 51 at 4 (citing *Fortinet*, 543 F. Supp. 3d at 840 (yes), and *Sonos*, 591 F. Supp. 3d at 647 (no)). As discussed above, the split is not limited to this district. It is national. And it persists seven years after *Halo*.

The consequences are serious. The viability of willful infringement claims—as well as the

burden of litigating them—varies not only district-to-district but courtroom-to-courtroom. In some courts, but not others, plaintiffs can proceed with willfulness claims and "immerse the parties in the discovery swamp," *In re Text Messaging*, 630 F.3d at 625, without any plausible showing of an eventual entitlement to relief on that basis. That kind of legal checkerboard is what Congress sought to avoid when it created the Federal Circuit to further the goal of "national uniformity in the realm of intellectual property." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989).

The nature of pleading standards—especially permissive pleading standards—means that they persistently evade appellate review: once a motion to dismiss has been denied, the reviewable question at the time of final judgment will be whether the plaintiff met its burden of proof, not a standard of pleading. *In re Text Messaging*, 630 F.3d at 625-26. That is why a fundamental issue like the correct standard for pleading willful infringement can still confound courts and parties alike so many years after *Halo*. In the meantime, defendants suffer "unjustifiable harm" by being pulled into "bulky, burdensome discovery" even without "the complaint provid[ing] enough information to enable an inference that the suit has sufficient merit." *Id.* at 625.

Moreover, a too-lenient pleading standard creates a lopsided economic playing field. Litigating patent cases is often "disproportionate[ly]" expensive for defendants. *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (noting party's "exploiting the high cost to defend complex [patent] litigation to extract a nuisance value settlement"). Plaintiffs face little risk in suing. *Id.* And most cases end in settlement. Pleading standards that are too lenient— especially on an issue raising the specter of enhanced damages—tilt the playing field in plaintiffs' favor to inflate settlement values. *See Twombly*, 550 U.S. at 557-58. That has an even more pernicious downstream effect: reasonable royalty calculations at the damages phase are usually supported by evidence of prior settlements and licenses, *see Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019), which is problematic when those settlements and licenses are distorted by district-by-district variation in pleading standards.

The same economic concern animated *Twombly*. The Supreme Court reasoned that allowing implausible claims to proceed through expensive discovery would push defendants "to settle even anemic cases" rather than wait for an opportunity to test them via summary judgment or trial.

Twombly, 550 U.S. at 559. That was unacceptable in cases "with no reasonably founded hope that the discovery process [would] reveal relevant evidence." *Id.* (quotations omitted). Likewise, lax pleading standards give plaintiffs "an *in terrorem* increment of the settlement value" of their claims. *Id.* at 557-58; *see also Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that pleading rules are meant to discourage "*in terrorem*" settlement distortions for "largely groundless claim[s]" (citation omitted)).

Courts have highlighted the lack of guidance on pleading willfulness time and again. The District of Arizona has discussed the "state of flux" of the standard since *Halo* and the "uncertain" nature of the "quantum of culpability that a plaintiff must plead." *Continental Cirs.*, 2017 WL 26451709, at *8. The Southern District of New York and the Northern District of Indiana have lamented that "*Halo*'s effect on the pleading standard for willful infringement remains unclear." *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-885, 2017 WL 74729, at *6 (S.D.N.Y. Jan. 4, 2017); *Puget Bioventures, LLC v. Biomet Orthopedics LLC*, 325 F. Supp. 3d 899, 910 (N.D. Ind. 2018). The Middle District of North Carolina has remarked on the "lack of appellate guidance" and the ensuing "split." *Glaston*, 2022 WL 16901987, at *3. The District of Alaska has noted active "debate" amid the "absence of controlling Federal Circuit precedent." *Brice Env't Servs.*, 2022 WL 1032930, at *9. And multiple courts in this district have acknowledged the uncertainty, too. Dkt. 51 at 4, 11-12; *Sonos*, 591 F. Supp. 3d at 643. Certification would have significant precedential value and would resolve this lively debate. That weighs in favor of exercising discretion to certify. Where, as here, a "legal question" is "implicated in a large number of other cases" yet has "evaded [appellate] review," interlocutory review is appropriate. *Finder*, 2016 WL 4095833, at *5 (citation omitted).

*Second*, this case presents an excellent vehicle for interlocutory review. Another order addressing the standard for pleading willful infringement has been certified before—by Judge Alsup in *Sonos*. 591 F. Supp. 3d at 649. The Federal Circuit did not accept an interlocutory appeal in that case. *Sonos, Inc. v. Google LLC*, No. 2022-134, 2022 WL 1486359, at *1 (Fed. Cir. May 11, 2022). The Federal Circuit did not explain why it declined the application for review in *Sonos*, but several possible reasons are apparent. First, Judge Alsup had *dismissed* the willful infringement

1  claims before him in that case, 591 F. Supp. 3d at 648, so appellate review would be available in

2  that case after final judgment in the ordinary course. Second, by the time it petitioned for review,

3  the plaintiff in that case had already moved to amend its pleadings to make up for the deficiencies

4  Judge Alsup identified. *See Sonos, Inc. v. Google LLC*, No. 22-134, Cross-Pet. for Permission to

5  Appeal, ECF No. 8, at 2 (Fed. Cir. Apr. 7, 2022) ("Cross-Pet."). Third, Judge Alsup had held that

6  the willfulness pleadings failed to plausibly allege *knowledge*, arguably rendering the issue of

7  egregiousness moot. *Sonos*, *591* F. Supp. 3d at 646. Fourth, the plaintiff's application for review in

8  *Sonos* focused not on egregiousness but on knowledge of the asserted patent. *See Sonos, Inc. v.*

9  *Google LLC*, No. 22-134, Pet. for Permission to Appeal, ECF No. 2, at 18-19 (Fed. Cir. Mar. 29,

10  2022). Put simply, the *Sonos* case did not present the same divisive issue at stake here, much less

11  in the same procedural context.

12        This case presents no such difficulties. First, the recognized split among district courts on

13  egregiousness has continued to grow since *Sonos*, as evidenced by the many cases cited above from

14  2022 and 2023. Second, unlike *Sonos*, the egregiousness pleading issue is controlling here. Third,

15  because the willfulness claim against Amazon was not dismissed, the egregiousness pleading

16  standard will almost certainly evade appellate review absent an interlocutory appeal. Put simply,

17  this case presents a prime opportunity to resolve an important and highly unsettled question of law.

18  **V.**    **CONCLUSION**

19        Amazon respectfully requests that the Court certify for interlocutory appeal its Order

20  denying in part Defendants' motion to dismiss to obtain guidance from the Federal Circuit

21  regarding the correct standard for pleading willful infringement.

22

23  Dated: August 24, 2023           By: */s/ Stefani E. Shanberg*

24                              Stefani E. Shanberg
                            PERKINS COIE LLP

25

26                              *Counsel for Defendant*
                            AMAZON.COM, INC.

27

28