Francisco A. Villegas (Bar No. 206997)
Mark W. Halderman (Admitted *Pro Hac Vice*)
Damir Cefo (Admitted *Pro Hac Vice*)
Roger Thompson (Admitted *Pro Hac Vice*)
fvillegas@villegascefo.com
mhalderman@villegascefo.com
dcefo@villegascefo.com
rthompson@villegascefo.com
VILLEGAS & CEFO LLP
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Telephone:     (646) 844-1071

Kyle G. Gottuso (Admitted *Pro Hac Vice*)
Charlie M. Jonas (Admitted *Pro Hac Vice*)
kgottuso@atllp.com
cjonas@atllp.com
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd, Suite 1800
St. Louis, MO 63105
Telephone:     (314) 621-5070

John V. Picone III (Bar No. 187226)
jpicone@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
Telephone:     (408) 286-9800

*Attorneys for Plaintiff*
*BSD CROWN, LTD.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC., <br><br> Defendants. | CASE NO.  3:23-cv-00057-WHO <br><br> **PLAINTIFF BSD CROWN, LTD.'S CLAIM CONSTRUCTION REPLY** <br><br> Date:      March 1, 2024 <br> Time:     2:00 p.m. <br> Location: Courtroom 2, 17th Floor <br> Judge:    Hon. William H. Orrick |

## I. INTRODUCTION

BSD's proposed construction of the term "real-time broadcasting" makes clear that "some, but not limitless, delay" is permissible.[1] That construction is necessary, helpful to the jury, faithful to the '473 Patent, and consistent with Judge Grewal's construction in the *Apple* litigation. In contrast, Defendants' briefing fails to provide any concrete reasons why BSD's clarification is problematic. Defendants do not contest that the term "real-time broadcasting" permits "some, but not limitless, delay," citing with approval Judge Grewal's finding of this fact. Defs. Br. at 8 (quoting Dkt. No. 72-1, Ex. F, JMOL Order, at 11-12). Indeed, they admit that BSD's proposed clarification is quoted from the Court's paraphrase of its construction, confirming that BSD does not seek to alter the scope of the claims. *Id*. Lastly, Defendants' briefing fails to rebut that the preferred embodiments of the '473 Patent explicitly permit a measurable amount of delay.

To avoid addressing the explicit disclosures that permit delay, Defendants strategically characterize BSD's clarification as relitigating the prior construction—hoping that collateral estoppel will shut down inquiry into the meaning of "real-time broadcasting." That argument, however, ignores that BSD's proposal does not change the claim scope of "real-time broadcasting," and instead remains fully consistent with Judge Grewal's claim construction. In other words, BSD is not re-litigating the issue; it simply and justifiably proposes clarifying language taken directly from Judge Grewal's prior ruling. For that reason, collateral estoppel is inapplicable. Moreover, BSD's circumscribed clarification, which explicitly permits only "some" delay (not delay up to infinity) is important. Without it, the jury may erroneously believe that "matching the human perception of time or proceeding at the same rate as a physical or external process" requires near-instantaneous transmission—which it does not.

---

[1] Through a Stipulation (Dkt. No. 93), the Parties have resolved their dispute—to the extent there was one—as to the term, "such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate." As such, that term is not discussed herein.

## II. ARGUMENT

Defendants assert that BSD's proposed construction of "real-time broadcasting" is collaterally estopped, unnecessary, and unhelpful to the jury. Defs. Br. at 5-10. None of that is true.[2]

| BSD's Proposed Clarified Construction | Defendants' Proposed Construction |
|---|---|
| "simultaneous transmission of data to one or more clients matching the human perception of time or proceeding at the same rate as a physical or external process <u>which allows for some, but not limitless, delay</u>" | "simultaneous transmission of data to one or more clients matching the human perception of time or proceeding at the same rate as a physical or external process" |
| (underline indicating language added to the agreed upon construction from the *Microsoft* litigation) | |

### A. BSD's Proposal is Not Collaterally Estopped.

Defendants claim that BSD's proposed construction is collaterally estopped because BSD is "re-litigat[ing]" claim construction. Defs. Br. at 1, 5-7. That proposition is faulty. BSD is not re-litigating the meaning of "real-time broadcasting" by "advancing new constructions." Defs. Br. at 5; *see Neev v. Alcon Lab'ys, Inc.*, No. SACV1500336JVSJCGX, 2016 WL 9051170, at *13 (C.D. Cal. Dec. 22, 2016) ("Collateral estoppel is meant to prevent the relitigation of identical issues and promote judicial economy." (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979))). Rather, BSD seeks to clarify, <u>consistent with Judge Grewal's JMOL Order</u>, that the term "real-time broadcasting" "allows some, but not limitless, delay." Dkt. No. 72-1, Ex. F, JMOL Order, at 12. Indeed, Defendants agree that the "JMOL Order ***paraphrased*** the construction of 'real-time broadcasting.'" Defs. Br. at 8 (emphasis in original). This is an important characterization because it concedes that BSD's proposal has the same claim scope as the original *Apple* and *Microsoft* constructions. Because the scope of the claim remains the same, collateral estoppel simply does not apply. *See Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984) (holding that

---

[2] Defendants misleadingly allege in their "Overview of the Asserted Patent" that the asserted claims are limited to a particular methodology of transmitting data. In that Section, Defendants claim that "one way the '473 patent contemplates matching the data and upload rates is by opening multiple, independent links, each having its own URL." Defs. Br. at 2 (citing '473 Patent at 9:10-52; Fig. 4). Embodiments requiring "links," however, are directed solely to unasserted dependent claims 3-7, 18-20, 33-35.

collateral estoppel applies "where a determination of the **scope** of patent claims was made in a prior case" and that "the determined **scope** cannot be changed" in subsequent actions) (emphasis added).

In the event, however, that Defendants' re-litigation argument had some merit (which it does not), the Ninth Circuit has made clear that, "[i]f there is doubt … collateral estoppel will not be applied." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985). This cautious approach to the harsh results of estoppel is described as "a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute.'" *Mallinckrodt, Inc. v. Masimo Corp.*, 254 F. Supp. 2d 1140, 1149 (C.D. Cal. 2003) (quoting Restatement (Second) of Judgements § 27, comment c (1980)). As BSD seeks to clarify only a single term to make it more faithful to the patent and consistent with the totality of Judge Grewal's construction, there is little risk of "open[ing] the floodgates to repetitious litigation." *Id.*

Further, assuming that the requirements of collateral estoppel are satisfied, "the actual decision to apply it is left to the district court's discretion." *Davis & Cox*, 751 F.2d at 1519. For that reason, courts have permitted the sort of modest clarification proposed by BSD. One such recent case in this District is *Regents of the University. of Minnesota v. LSI Corporation*, No. 5:18-CV-00821-EJD, 2023 WL 5520958 (N.D. Cal. Aug. 25, 2023). In that case, the Court held that under Ninth Circuit law, a prior Patent Trial and Appeal Board ("PTAB") claim construction met the elements of collateral estoppel. *Id*. at 8. Despite that finding, Judge Davila exercised his discretion and made "one modification" to the PTAB's construction (changing "encoding format" to "recording format"). *Id*. The Court reasoned that making this modification was "more **faithful** to the [disputed patent] while still remaining **consistent** with the PTAB's construction." *Id.* (emphasis added). Similarly here, BSD seeks a clarification that is "more faithful" to the '473 Patent (which Defendants failed to rebut) and that "remain[s] consistent" with the Court's previous construction (the proposed language is directly adopted from Judge Grewal's JMOL Order). *Id.*; *see also*, *Nichia Corp. v. VIZIO, Inc.*, No. SACV1600545SJOMRW, 2018 WL 11350040, at *8 (C.D. Cal. May 29, 2018) (declining to apply collateral estoppel because "the Federal Circuit has

- 3 -

continued to emphasize the role of the court as the sole arbiter in resolving claim construction disputes, no matter the stage of the proceeding" and "constructions could play a pivotal role in the ultimate infringement and invalidity arguments") (vacated by stipulation).

### B. BSD's Proposal is Helpful and Necessary.

As Defendants recognize in their briefing, "[t]he purpose of claim construction is to 'clarify the legal meaning of claim language … so that a jury can make a simple factual determination as to infringement or invalidity.'" Defs. Br. at 9 (citing *Markman v. Westview Insts., Inc.*, 517 U.S. 370, 384-85 (1996)).[3] Indeed, it is the Court's obligation to provide the jury with a "clear understanding" of a disputed term. *Eon Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*, 815 F.3d 1314, 1320 (Fed. Cir. 2016). "'The prevailing notion among the district courts … is that it is better to get a claim construction right than it is to get a claim construction settled.'" *Freeman v. Delta Air Lines, Inc.*, No. C 13-04179 JSW, 2014 WL 5830246, at *3 (N.D. Cal. Nov. 10, 2014) (quoting *Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F. Supp. 2d 946, 966 (N.D. Cal. 2008) (internal citations omitted)). Here, while the *Apple* construction is "right" from a claim scope view, it risks confusing the jury. Despite admitting that the *Apple* Court's construction "contemplates an 'amount of permissible delay,'" Defendants' construction makes no mention of delay (of any amount) being permissible. Defs. Br. at 8 (quoting Dkt. No. 72-1, Ex. F, JMOL Order, at 12). Defendants' construction could easily confuse the jury into believing that "matching the human perception of time" forbids <u>any</u> delay whatsoever.

The *Apple* case demonstrates that litigants can and do exploit ambiguity for their benefit. For example, an Apple witness claimed that a "real time system is measured in hundreds of milliseconds, or tens of milliseconds, much less than a second." Dkt. No. 72-1, Ex. F, JMOL Order, at 9. As described in BSD's opening brief, such a definition would impermissibly read out preferred embodiments of the '473 Patent, which allow for significantly more delay (Pl. Br. at 9-13)—a

---

[3] Defendants incorrectly attribute this quote to the Supreme Court in *Markman*. It is actually from *Curtiss-Wright Flow Control Corp. v. Z&J Techs. GmbH*, 563 F. Supp. 2d 1109, 1115 (C.D. Cal. 2007). Accordingly, while the weight of the authority is different, BSD agrees with the sentiment.

- 4 -

position unrebutted by Defendants.[4] *See MBO Lab'ys, Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007) ("'[A] claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct.'") (citations omitted).

### C.     BSD's Proposal is Faithful to the '473 Patent.

Defendants argue that BSD's proposed upper bound for latency (i.e., "not limitless" delay) could be read to "mean that the delay simply cannot be infinite." Defs. Br. at 9. That position, however, ignores that BSD's proposal explicitly contemplates that only "some delay" is permissible, as informed by the teachings of the '473 Patent. As described extensively (and left unchallenged) in BSD's opening brief, the elements of Claim 1 permit delay. For instance, the creation of a "slice" that has a 5 second segment size can take up to 5 seconds. Pl. Br. at 9-10. To "upload" a slice, the specification permits at least 20 seconds of delay. *See id*. at 10-12 ("TMAX is preferably set to be a predetermined multiple of TSL, depending on the length of possible transmission delay that can be tolerated" and "[t]ypically, TMAX is set to an **initial value of about 20 sec**…." (quoting '473 Patent at 13:1-6) (emphasis added)). Then to "download" a slice (as required in Claim 2), the patent contemplates the same delay as for uploading. *See id*. at 12 ("[I]t will be understood that similar methods are applicable, mutatis mutandis, to the method of downloading the files from the server 36 to the clients 30.").

Defendants' briefing illustrates the importance of BSD's clarifying proposal. For example, they allege that Judge Grewal affirmed the "jury verdict in [the] *Apple* Case because [the] accused streams had delay of at least 15 seconds, [and] substantial evidence supported the jury's noninfringement verdict applying . . . [the] construction of 'real-time broadcasting.'" Defs. Br. at 9 (citing Dkt. No. 72-1, Ex. F, JMOL Order, at 12). That statement distorts the JMOL Order. In *Apple*, the defendant argued that it <u>added</u> delay in the form of a buffer to the streaming product, which

---

[4] Defendants' allegation—that BSD's analysis should be discounted because it is solely "attorney argument" (Defs. Br. at 8)—is specious. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996) ("[W]here the patent documents are unambiguous, expert testimony regarding the meaning of a claim is entitled to no weight." (citing *Southwall Tech., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1578 (Fed. Cir. 1995))).

made the system not real-time (i.e., not infringing). *See* Dkt. No. 72-1, Ex. F, JMOL Order, at 7-8 (explaining that Dr. Polish, Apple's technical expert, testified that "'HLS collects I believe it's **two or three buffersworth** [sic], or segments worth of data in the client **before it plays**. So that **adds**, depending upon how large those segments are, **between 15 and 30 seconds worth of latency**…'") (emphasis added). Here, Defendants would have the Court believe that Judge Grewal affirmed the jury verdict because 15 seconds of total delay is not permitted by the construction of "real-time broadcasting." Defs. Br. at 9 (citing Dkt. No. 72-1, Ex. F, JMOL Order, at 12). That is factually incorrect—the "at least 15 seconds" in the JMOL Order referred to the 15 seconds of buffer latency added by design—not the slicing, encoding, uploading, and downloading described in the '473 Patent.

Thus, BSD's proposed construction is necessary to prevent jury confusion as to the relevance, if any, of near instantaneous transmission, which is in contravention of the Court's claim construction. Dkt. No. 72-1, Ex. F, JMOL Order, at 7-8, 12. Moreover, modification of this term's prior construction in *Apple* is permissible even if the Court believes the requirements of collateral estoppel are satisfied because Defendants' own case law makes clear that "[t]he Court c[an] exercise [] discretion if it were convinced that a prior result [is] demonstrably wrong." *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-3733-JST, 2019 WL 5781915, at *6 (N.D. Cal. Oct. 15, 2019). Given the explicit latency disclosures of the '473 Patent (which again, Defendants elected not to challenge in their briefing) renders a construction of "real-time broadcasting" that does not permit "some delay" demonstrably wrong.

### III. CONCLUSION

For the above stated reasons, BSD respectfully requests that the Court construe "real-time broadcasting" as set forth herein and in Plaintiff's Opening Claim Construction brief.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 2, 2024 | By: /s/ *Francisco A. Villegas* |
| 3 | | Francisco A. Villegas (Bar No. 206997) |
| | | Mark W. Halderman (*pro hac vice*) |
| 4 | | Damir Cefo (*pro hac vice*) |
| | | Roger Thompson (*pro hac vice*) |
| 5 | | VILLEGAS & CEFO LLP |
| | | 1350 Avenue of the Americas, Floor 2 |
| 6 | | New York, NY 10019 |
| | | Telephone: (646) 844-1071 |
| 7 | | fvillegas@villegascefo.com |
| | | mhalderman@villegascefo.com |
| 8 | | dcefo@villegascefo.com |
| | | rthompson@villegascefo.com |

Kyle G. Gottuso (*pro hac vice*)
Charlie M. Jonas (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
kgottuso@atllp.com
cjonas@atllp.com

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
Telephone: (408) 286-9800

*Attorneys for Plaintiff*
*BSD Crown, Ltd.*

---

PLAINTIFF'S CLAIM CONSTRUCTION REPLY

3:23-CV-00057-WHO