UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BSD CROWN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | Case No. 3:23-cv-00057-WHO <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: Dkt. No. 100 |

Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc., (collectively "Amazon") filed a motion to stay this case pending ex parte reexamination by the United States Patent and Trademark Office ("USPTO") of many of the claims in the patent-in-suit.[1] ("Mot.") [Dkt. No. 100]; *see also* Reply ("Repl.") [Dkt. No. 106]. Plaintiff BSD Crown, Ltd. ("BSD") opposes the stay. ("Oppo.") [Dkt. No. 104]. Though some discovery has been taken, motions to dismiss and for judgment on the pleadings have been addressed, and claim construction is completed, the factors relevant to granting a stay strongly favor granting one here. For that and the following reasons, the motion is granted and the case is stayed pending conclusion of the USPTO reexamination process.

Courts consider three factors in deciding whether a civil action should be stayed pending patent review proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *1

---

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for April 3, 2024.

1   (N.D. Cal. Sept. 28, 2020) (quoting *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022,

2   1025 (N.D. Cal. 2014)).  These factors are "general considerations that are helpful in determining

3   whether to order a stay," but "ultimately the Court must decide stay requests on a case-by-case –

4   basis." *Id.* (quoting *Asetek Holdings, Inc. v. Cooler Master Co.*, Case No. 13–cv–00457–JST,

5   2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014)).  Though *Palo Alto Networks* applied these

6   factors in the context of inter partes review, courts apply these same three factors pending USPTO

7   reexamination.[2] *See TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 4521045, at

8   *2 (D. Del. Oct. 4, 2021); *see also Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d

9   842, 849 (Fed. Cir. 2008) ("[The Federal Circuit] ha[s] consistently recognized the inherent power

10  of the district courts to grant a stay pending reexamination of a patent." (collecting cases)).

11  First, the stage of litigation favors a stay.  *See Palo Alto Networks*, 2020 WL 5760475, at

12  *1.  Though I have addressed a motion to dismiss and a motion for judgment on the pleadings,

13  little fact discovery has occurred, no party depositions have been taken, expert reports have not

14  been served and expert discovery has not begun, and no dates for dispositive motions or trial have

15  been set.  *Cf. id.* at *2 (finding, on similar facts, that this factor favored a stay).  The fact that claim

16  construction has been completed is not dispositive.  *See IP Holding, LLC v. GoPro, Inc.*, No. 17-

17  CV-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) (finding that the stage of

18  litigation favored a stay "[a]lthough claim construction is complete and some substantial discovery

19  has already occurred" because "several costlier stages of pretrial preparation remain, not to

20  mention the trial itself").  This factor favors a stay here.

21  Second, a stay could simplify the issues considerably given that half of the contested

22  claims are at issue, including the sole independent claim, and the USPTO has already issued a

23  nonfinal order rejecting all of them.  *Cf. PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d

24  1022, 1027 (N.D. Cal. 2014) (finding this factor favored a stay where 15 of 35 claims at issue

25  were subject to review).  I am unpersuaded by BSD's argument that the USPTO is not

26  reexamining all of the claims, or even that the litigation will proceed regardless of the outcome of

---

[2] BSD's repeated implication that the standard for imposing a stay somehow differs between IPR and reexamination proceedings does not find support in the law.  *See* Oppo. 1:21–23, 8:6–21,

reexamination, Oppo. 9:17–12:20, 14:9–23, because "[t]he standard is whether the [USPTO's] decision could simplify the issues in this matter, not whether [it] would *eliminate* the issues." *Palo Alto Networks*, 2020 WL 5760475, at *2 (emphasis added). And, the decision from the USPTO will undoubtedly provide guidance for me and held me to address the remaining issues in this case, *see PersonalWeb Techs.*, 69 F. Supp. 3d at 1027, which belies BSD's argument that the nonbinding effect of reexamination somehow affects this consideration, *see* Oppo. 13:16–14:2. This factor favors a stay.

Third, a stay would not unduly prejudice or disadvantage BSD. *See Palo Alto Networks*, 2020 WL 5760475, at *1. BSD unconvincingly tries to argue that the defendants are unreasonably delaying this case by engaging in standard motion practice—all of which have presented reasonable, good faith arguments—while simultaneously ignoring that BSD itself waited until four years after the patent expired to bring this case. *See* Oppo. 15:1–18:18. Combined with the fact that BSD is a non-practicing entity, and that it fails to point to any other possible prejudice, the only disadvantage it faces is the standard delay inherent to a stay. But "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Palo Alto Networks*, 2020 WL 5760475, at *2 (citation omitted). This factor, too, favors a stay.

For those reasons, the motion to stay is GRANTED. The pending discovery motion at Dkt. No. 102 is VACATED. The parties shall file a status report every six months from the date of this order with updates on the status of the USPTO proceedings.

**IT IS SO ORDERED.**

Dated: March 29, 2024

William H. Orrick
United States District Judge