1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    BSD CROWN, LTD.,                         Case No.  3:23-cv-00057-WHO

8                  Plaintiff,

                                              **ORDER DENYING MOTION TO LIFT**
9         v.                                  **STAY AND SETTING CASE**
                                              **MANAGEMENT CONFERENCE**
10    AMAZON.COM, INC., et al.,
                                              Re: Dkt. No. 111
                  Defendants.
11

12

13        I entered a stay in this case on March 29, 2024, pending the outcome of an ex parte

14   reexamination ("EPR") by the United States Patent and Trademark Office ("USPTO") on many of

15   the claims regarding the patent-in-suit.  [Dkt. No. 109].  At that point, the USPTO was analyzing

16   an EPR filed by an entity that is not a party to this case.  *See id.*  The USPTO recently completed

17   its EPR and confirmed the patentability of the challenged claims.  [Dkt. No. 111-3].

18   Subsequently, the defendants—Amazon.com, Inc., Amazon Web Services, Inc., and Twitch

19   Interactive, Inc., (collectively "Amazon")—filed their own request for EPR, challenging the

20   validity of the same and other claims on similar and new bases.  *See* [Dkt. No. 115].

21        Now, plaintiff BSD Crown, Ltd., has filed a motion to lift the stay.  ("Mot.") [Dkt. No.

22   111].  The defendants opposed.  ("Oppo.") [Dkt. No. 113].  BSD replied.  ("Repl.") [Dkt. No.

23   114].  Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral

24   argument and so VACATE the hearing scheduled for August 28, 2024.  [Dkt. No. 112].

25        When deciding whether to lift a stay, courts consider the same factors as when deciding

26   whether to stay a case.  *See Evolutionary Intel., LLC v. Livingsocial, Inc.*, No. 13-CV-04205-

27   WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014).  "[T]he court may abandon its

28   imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the

United States District Court
Northern District of California

first place have changed significantly." *Id.* (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)).  The three factors courts assess are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *1 (N.D. Cal. Sept. 28, 2020) (quoting *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014)).  And courts apply these same three factors pending EPRs.  *See TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 4521045, at *2 (D. Del. Oct. 4, 2021); *see also Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) ("[The Federal Circuit] ha[s] consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." (collecting cases)).

These factors favored a stay in March, [Dkt. No. 109], and have not changed in the ensuing four months, *see Evolutionary Intel.*, 2014 WL 2735185, at *2.  Nor do they seem likely to change in the next two months, in which time the USPTO will have decided whether to grant or deny the defendants' request for EPR.  *See* 35 U.S.C. § 303(a); Oppo. 5:5–18.  The only potentially reasonable justification BSD offers for not waiting to file this motion until after the USPTO makes its decision—which would have saved its client time and money—is that BSD will be prejudiced by the destruction of third-party evidence relevant to its claims.  Mot. 12:5–13:15; Repl. 10:1–24.  These concerns may be raised, to the extent they are still relevant, at the next case management conference.  But they are not a reason to lift the stay at this point.

Accordingly, the motion to lift the stay is DENIED.  A case management conference is set for **October 15, 2024, at 2:00 p.m**.  The parties shall file a Joint Case Management Statement one week in advance.  In that statement, the parties shall provide an update about the status of the pending EPR.  If the parties do not agree to lift the stay at that point, BSD shall either identify third parties from which it would like to gather information or explain why it is unable to identify

1     them.  The parties may discuss the merits of a litigation hold at the conference.

2         **IT IS SO ORDERED.**

3     Dated: August 19, 2024



William H. Orrick
United States District Judge