Francisco A. Villegas (Bar No. 206997)
fvillegas@villegascefo.com
Damir Cefo (*pro hac vice*)
dcefo@villegascefo.com
Mark W. Halderman (*pro hac vice*)
mhalderman@villegascefo.com
Evan M. Rosenbaum (Bar No. 310414)
erosenbaum@villegascefo.com
VILLEGAS & CEFO LLP
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Telephone:      (646) 844-1071

Kyle G. Gottuso (*pro hac vice*)
kgottuso@atllp.com
Charlie M. Jonas (*pro hac vice*)
cjonas@atllp.com
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone:      (314) 621-5070

Attorneys For Plaintiff
B.S.D. CROWN, LTD.

STEFANI E. SHANBERG (Bar No. 206717)
sshanberg@perkinscoie.com
NATHAN B. SABRI (Bar No. 252216)
nsabri@perkinscoie.com
ROBIN L. BREWER (Bar No. 253686)
rbrewer@perkinscoie.com
MATHIEU A. SWIDERSKI (Bar No. 330333)
mathieuswiderski@perkinscoie.com
KARL M. JOHNSTON (Bar No. 327446)
kjohnston@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: (415) 344-7000
Facsimile:   (415) 344-7050

Attorneys for Defendants
AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC. and
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.,<br><br>    Defendants. | Case No.  3:23-cv-00057-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:      October 15, 2024<br>Time:     2:00 p.m.<br>Location: Zoom Videoconference<br>Judge:    Hon. William H. Orrick |

The Parties submit this joint case management statement as directed by the Court's August 19, 2024 Order Denying Motion to Lift Stay and Setting Case Management Conference. ECF No. 116. This case was originally stayed on March 29, 2024, pending the outcome of an *ex parte* reexamination filed by third-party requester, Unified Patents, LLC. ECF No. 109. It remains stayed pending a different *ex parte* reexamination, one filed by Defendant Amazon.com, Inc.

### I. Stay Pending Reexamination

On August 19, 2024, the Court ordered the continued stay of these proceedings pending the outcome of Amazon.com, Inc.'s EPR. ECF No. 116. As the status of the EPR has not changed since its filing, the parties agree to maintain the stay.

### II. Status of Reexamination

In this litigation, Plaintiff B.S.D. Crown ("BSD") has asserted claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, and 24 (the "Asserted Claims") of U.S. Patent No. 6,389,473 ("'473 Patent") against Amazon.com, Inc., Amazon Web Services, Inc. and Twitch Interactive, Inc. (collectively, "Defendants").

On September 1, 2023, non-party Unified Patents, LLC filed a request for an *ex parte* reexamination of '473 Patent claims 1, 2, 13, 21, 23, 24, 25, 36, 37, 38, and 41. On August 5, 2024, the USPTO issued a reexamination certificate confirming the patentability of each challenged claim.

On August 15, 2024, Defendant Amazon.com, Inc. filed a Request for *Ex Parte* Reexamination ("EPR") of the '473 Patent directed to all the Asserted Claims. A decision on a request for an EPR must be made no later than *three* months from its filing. MPEP § 2209. As of this morning, no decision on the EPR has been issued, but one is expected by no later than November 15, 2024.

### III. Third Party Discovery

In the Order Denying Motion to Lift Stay and Setting Case Management Conference (ECF No. 116), the Court indicated that Plaintiff's concerns regarding the destruction of third-party evidence may be raised at the next case management conference. ECF No. 116 at 2.

**PLAINTIFF'S POSITION**.

Third parties play an important role in this litigation. ECF No. 45 at 3-4 (Joint Case Management Statement) ("BSD anticipates needing discovery on . . . Defendants' agreements with affiliates and third parties to provide video streaming products and services," and "BSD may also pursue, for purposes of at least damages and indirect infringement, third party discovery directed to at least Paramount Global (formerly, Viacom), PAC-12 Conference, the National Football League, and others, pending information learned during party discovery"). Not only are they relevant to damages in the sense of providing information from which BSD may develop its damages models (*e.g.*, importance of streaming to their business, royalty rates, and relevance of smooth video to the public perception of streaming quality), but third-parties are also in the unique position of potentially possessing latency data, one of the hotly disputed topics in this litigation which revolves around whether a video stream is sufficiently "real-time" to be encompassed by Claim 1 of the '473 Patent.

According to Defendants, non-parties possess essential stream latency data that resides only with them. *See* ECF 110-4, R. Brewer Letter to K. Gottuso dated Aug. 8, 2023 at 2 (claiming that AWS does not possess important infringement information pertaining to latency because "AWS provides enterprise-facing products that are intended to be flexible and tailored to the individual customer's implementations and specific information about latency between configurations is not needed"). To date, despite BSD's numerous demands, Defendants have refused to identify non-party streaming partners.

For at least these reasons, as this litigation has been stayed for several months, BSD is concerned that non-parties may inadvertently destroy evidence crucial to BSD's claims.

**A. BSD Has Identified Relevant Third Parties Through Public Information**

Based on public information, BSD has identified as potentially relevant the following: (a) third party "content providers," (b) former third-party content provider employees, and (c) former Defendant employees.

| Third-Party Content Providers | Plaintiff's Disclosure Document | Topic |
|---|---|---|
| Pac-12 Conference | ECF No. 1 at ¶6 | Damages and infringement |
| National Football League | ECF No. 1 at ¶6 | Damages and infringement |
| University of Nortre Dame | ECF No. 1 at ¶6 | Damages and infringement |
| International Olympic Committee | ECF No. 1 at ¶6 | Damages and infringement |
| Fédération Internationale de Football Association (World Cup) | ECF No. 1 at ¶6 | Damages and infringement |
| NBCUniversal Media, LLC (NBC Sports) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and infringement |
| Paramount Global | January 16, 2024 Subpoena (document production and testimony remains stayed) | Damages and infringement |
| | | |
| **Former Third-Party Content Provider Employees** | | |
| Mark Kramer (Former Pac-12 Networks, Vice President, Engineering & Technology) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and infringement |
| Michelle McKenna-Doyle (Former NFL Chief Information Officer) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and infringement |
| Matt Swensson (NFL Vice President, Emerging Products and Technology) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and infringement |
| Pierluigi Gazzolo (Former Viacom President of Streaming & Studios) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and infringement |
| | | |
| **Former Defendant Employees** | | |
| Chih-Chiang Lu (Former Twitch Senior Software Engineer) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Infringement |
| Ivan Marcin (Former Twitch Senior Engineering Manager) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Infringement |
| Yueshi Shen (Former AWS/Twitch Principal Engineer) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Damages and Infringement |
| Jeff Gong (Former Twitch Software Engineer) | June 14, 2023 Fed.R.Civ.P. 26 Initial Disclosures | Infringement |

The only third-party that BSD was able to contact before the stay of these proceedings was Paramount Global.

### B. Defendants Have Refused to Identify Third-Party Content Providers

To date, Defendants have not identified third-party content providers. Document requests directed to the identity of these parties (RFPs to Twitch 43, 44; RFPs to Amazon.com 44, 45; and RFPs to AWS 55-56) were the subject (among other topics) of a Joint Discovery Letter (ECF No. 102), which was vacated by the stay in this case.

**DEFENDANTS' POSITION**

No additional action is needed to preserve third-party evidence at this time. BSD has not articulated anything beyond a generalized concern that third-party evidence will be destroyed. BSD has listed above the entire universe of third parties it disclosed in this case, from its Complaint filed in January 2023 to its initial disclosures served in June 2023, but has not identified from which of those parties it actually intends to seek discovery. Nor has it explained why the supposed risk of document loss is greater now than it was before the case was stayed in March 2024. As noted in Defendants' Opposition to Plaintiff's Motion to Lift the Stay, BSD waited to file this case until nearly a decade after the first claimed infringing uses by third parties. ECF No. 113 at 8. At the very least, BSD could have served more than one third-party subpoena in the 12 months of fact discovery preceding the stay, despite being aware of each of the third parties identified above since at least June 14, 2023.

Defendants have further not "refused" to identify third parties, as BSD claims. BSD does not point to any specific discovery request in support of its statement because none exists. Rather, BSD has served burdensome, irrelevant discovery requests. As discussed in the Joint Discovery Letter: BSD demanded Defendants identify third parties with so-called "bespoke" agreements, without articulating what the relevance would be beyond already-produced information. As that would require manual review of more than 30,000 agreements, Defendants objected that burden was not proportional to the needs of the case. This is the only discovery BSD has served directed to "non-party streaming partners."

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: October 8, 2024 | By: */s/ Francisco A. Villegas* |
| | | Francisco A. Villegas (Bar No. 206997) |
| 4 | | Damir Cefo (*pro hac vice*) |
| | | Mark W. Halderman (*pro hac vice*) |
| 5 | | fvillegas@villegascefo.com |
| | | dcefo@villegascefo.com |
| 6 | | mhalderman@villegascefo.com |
| | | VILLEGAS & CEFO LLP |
| 7 | | 1350 Avenue of the Americas, 2nd Floor |
| | | New York, NY 10019 |
| 8 | | Telephone:     (646) 844-1071 |

Kyle G. Gottuso (*pro hac vice*)
Charlie M. Jonas (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
kgottuso@atllp.com
cjonas@atllp.com

*Attorneys for Plaintiff*
*BSD Crown, Ltd.*


By: */s/ Nathan B. Sabri*
Stefani E. Shanberg (Bar No. 206717)
sshanberg@perkinscoie.com
Nathan B. Sabri (Bar No. 252216)
nsabri@perkinscoie.com
Robin L. Brewer (Bar No. 253686)
rbrewer@perkinscoie.com
Mathieu A. Swiderski (Bar No. 330333)
mathieuswiderski@perkinscoie.com
Karl M. Johnston (Bar No. 327446)
kjohnston@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: (415) 344-7000

*Attorneys for Defendants*
*Amazon.com, Inc.,*
*Amazon Web Services, Inc., and*
*Amazon.com Services LLC*

## **ATTESTATION CLAUSE**

I, Evan M. Rosenbaum, am the ECF user whose credentials were used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have consented to the filing of this document.

Dated: October 8, 2028                                                          By: */s/ Evan M. Rosenbaum*
                                                                                                        Evan M. Rosenbaum