UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BSD CROWN, LTD.,

         Plaintiff,

    v.

AMAZON.COM, INC., et al.,

         Defendants.

Case No.  23-cv-00057-TSH

**DISCOVERY ORDER**

Re: Dkt. No. 185

The parties have filed a joint discovery letter brief at ECF No. 185 concerning Defendants' ongoing efforts to get infringement and invalidity contentions, expert reports and deposition transcripts, deposition transcripts and exhibits for BSD's fact witnesses, summary judgment motions, *Daubert* motions, pre-trial filings, and post-trial submissions (including exhibits and associated orders) from *Emblaze Ltd. v. Apple Inc.*, Case No. 4:11-cv-01079 (N.D. Cal.) ("*Apple* materials").  Defendants seek the following relief:

> Defendants request an order compelling the transfer of materials from Cozen O'Connor to BSD's current counsel. *Outdoor Pro Shop v. Monster Energy Co.*, No. 20-cv-05999-BLF (VKD), 2022 U.S. Dist. LEXIS 47256, at *6 (N.D. Cal. Mar. 11, 2022) (explaining documents within party's possession, custody, or control include former or current counsel).  This eliminates an unnecessary middleman. Defendants further request an accounting or index of all the Apple litigation materials in BSD's possession, custody, or control, because Defendants have been unable to determine what exists or does not exist at this point, and have no way of knowing when everything has been produced. Finally, Defendants request immediate production of Apple litigation materials containing only BSD confidential or public information.

The relief requested in the first sentence probably violates the protective order in the *Apple* case.  That order states that confidential and AEO materials may be provided to the receiving party's outside counsel, 11-cv-1079, ECF No. 80, Sections 8-10, but the definition of "outside

counsel" does not include BSD's counsel in this case.  *Id*. § 2(b).  However, the second sentence makes sense, so the Court **ORDERS** BSD to promptly provide an accounting or index of all the *Apple* materials in BSD's possession, custody, or control, which includes materials in its former counsel's possession, custody or control.  The Court also **ORDERS** BSD to produce *Apple* materials for which there is no impediment to production under the *Apple* protective order (like Defendants, the Court assumes that probably means materials containing only BSD confidential or public information).  As Defendants are in direct contact with Apple, they can then negotiate with Apple about whether it will consent to the production of the items on the accounting or index BSD provides.

     **IT IS SO ORDERED.**

Dated: May 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California