UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BSD CROWN, LTD.,

                Plaintiff,

      v.

AMAZON.COM, INC., et al.,

                Defendants.

Case No.  23-cv-00057-TSH

**DISCOVERY ORDER**

Re: Dkt. Nos. 204, 205, 206

On June 6, 2026, the parties filed a joint discovery letter brief, together with supporting exhibits.  The Court rules as follows.

**A.  BSD's Motions to Compel**

    **1.  RFAs 6, 9, 12, 13 and 16 to AWS; RFAs 4-8 and 22-29 to Twitch**

These RFAs asked Defendants to admit that certain statements in cited documents are true. Defendants answered none of them fairly, pretending to believe they had been asked if the cited documents contain those statements, and other pretended misunderstandings.  Defendants also relied on typographical errors to pretend they could not answer the RFAs.

BSD's motion to compel is **GRANTED**.  All of Defendants' opposing arguments are meritless.  AWS and Twitch shall serve amended responses within seven days.

    **2.  Documents, Interrogatories and Testimony Related to Latency**

With respect to the four-part blog series by Nicholas Weil, BSD offers no good reason why Defendants should be ordered to produce publicly available blog posts that are still publicly available.

BSD has failed to demonstrate that Defendants did not adequately search their document

repositories.

With respect to rog 3, Defendants were obligated to produce any document cited in a Rule 33(d) response, but BSD cites no authority to support its argument that Defendants were also obligated to cite a document referenced in a document that was cited in a Rule 33(d) response. BSD also does not demonstrate that the referenced documents were otherwise responsive to any RFP.

BSD's Rule 30(b)(6) Topic No. 10 to AWS (Topic No. 9 to Twitch) is unreasonably overbroad, and is its Topic No. 20 to AWS (Topic No. 19 to Twitch). Rule 30(b)(6) topics need to be something that one or more people could be prepared to testify about, but these two topics are unreasonably broad and detailed.

However, Topic No. 33 to AWS (Topic No. 32 to Twitch) is a good and relevant topic. If Defendants haven't done any studies, projections, and so on regarding consumer perception or latency or scalability of the Accused Instrumentalities, their witnesses can just say that.

Accordingly, the Courts **GRANTS** BSD's motion to compel concerning Topic No. 33 to AWS (Topic No. 32 to Twitch) and **DENIES** the remainder of the relief BSD seeks in this section of the joint discovery letter brief.

### 3. Foundational Documents

BSD fails to persuade that the documents it seeks for AWS Elemental MediaLive or AWS Elemental MediaPackage exist anymore, and for the other products, that they ever existed at all. Accordingly, its motion to compel is **DENIED**.

### 4. Financial Information Concerning the Ancillary Products

BSD's motion to compel is **DENIED**. BSD has not shown that the documents, information and testimony it seeks are proportional to the needs of the case. Despite the parties' filing a 65-page joint discovery letter brief, BSD says almost nothing about why most of these ancillary products could ever be considered convoyed sales, aside from citing its own conclusory allegations that these numerous ancillary products are a "functional unit" with the Accused Instrumentalities. The fact that BSD is including Amazon Prime as an ancillary product makes clear that this motion to compel is beyond all reason. The Court might have granted a narrower

United States District Court
Northern District of California

and well explained motion to compel, but the current motion is both sweeping and unexplained.

### 5. Financial Projections

BSD moves to compel on Amazon RFPs 14, 16 and 26; AWS RFPs 13, 15 and 25; Twitch RFPs 14, 16 and 24; rog 7 to Amazon, AWS and Twitch; Amazon 30(b)(6) topics 15 and 16; AWS 30(b)(6) topics 22 and 23; and Twitch 30(b)(6) topics 21 and 22.  The Court **GRANTS** the motion, except **DENIES** it as to Amazon RFP 16, AWS RFP 15, and Twitch RFP 16.

The RFPs mostly seek relevant documents that are proportional to the needs of the case.  It is premature at this stage to say what documents and time period BSD's damages expert can point to in order to support a damages opinion.  However, BSD does not present any argument for why analytics documents should be produced.

Rog 7 seeks relevant and discoverable information.  Defendants are not allowed to rewrite the rog into something narrower than it is.

The deposition topics seek relevant and proportional discovery.  The Court understands from the joint discovery letter brief that Defendants do not track some of the information sought by the deposition topics, and in that case the witnesses can just say that.

### 6. Litigation Funding

The Court agrees with BSD that litigation funding is not relevant to any party's claim or defense and therefore **GRANTS** its motion for a protective order barring Defendants from asking BSD's witnesses about litigation funding during deposition.

### 7. Rule 30(b)(6) Procedure

The Court's Discovery Standing Order requires discovery disputes to be raised in a joint discovery letter brief instead of by motion.  That is the procedure the parties must follow.  Once the parties have met and conferred and determined they have a dispute they are not able to resolve on their own, both sides are obligated to promptly file the joint discovery letter brief.

### 8. Rule 30(b)(6) Preparation

Section 8 of the joint discovery letter brief seems pretty abstract.  The Court thinks that BSD is not moving to compel on any particular deposition topic.  It looks like BSD is arguing that there are three things Defendants cannot do in responding to a Rule 30(b)(6) deposition notice.

3

The Court will consider them in turn.

First, BSD contends that Defendants cannot limit the scope of a topic on the ground that certain information does not exist.  Defendants say they are not doing this but instead are foreshadowing the witness's likely testimony.  BSD is right that Defendants cannot limit the scope of a topic on the ground that certain information does not exist.  But Defendants are right that they are allowed to foreshadow during meet and confer that the witness is likely going to say the information does not exist.  In that event, the parties should proceed with the deposition.

Second, BSD argues that Defendants cannot object to the scope of a topic on the ground that it presents an undue burden.  Here, BSD is mistaken because undue burden is a valid objection to a discovery request.  If Defendants make this objection, the parties should meet and confer, and if they are unable to resolve their dispute, they should file a joint discovery letter brief.

Third, BSD argues that Defendants cannot object to the scope of a topic on the ground that the information should have been sought through other means.  Here again, BSD is mistaken.  A deposition topic requires one or more persons to testify, and people are limited by the capacity of human memory and the reality of what can be expected of them in witness preparation.  Depending on the topic, there can be times when lengthy, detailed information should be sought by an interrogatory instead of by a Rule 30(b)(6) deposition topic.  Indeed, elsewhere in this order, the Court quashes several of BSD's deposition topics on precisely this ground.

### 9.    Rule 30(b)(6) Topics Concerning Agreements, Offers and Negotiations

Defendants are right that they cannot reasonably be expected to prepare one or more witnesses to testify about 200 agreements.  BSD seems to acknowledge this, agreeing to limit these topics to the 20 largest Twitch Content License Agreements, with some limits on the scope of the questioning, plus six AWS agreements and four Amazon agreements.  Defendants do not respond to this proposal.  BSD is right that Defendants cannot exclude negotiations from the scope of this topic without more factual detail describing why that would be a burdensome subject.  These seem like issues that could be resolved through meeting and conferring.

Accordingly, the Court **ORDERS** the parties to meet and confer in an effort to resolve this dispute.  The parties shall file one of two things within seven days:  a notice that they have

United States District Court
Northern District of California

resolved this dispute, or a further joint discovery letter brief setting forth their respective positions.

### 10.    Other Rule 30(b)(6) Topics

The parties have a dispute about certain other deposition topics.  The Court understands that Defendants have offered to compromise and produce witnesses on certain portions of some of these topics.  BSD asks the Court to order Defendants to prepare witnesses on the "full scope" of BSD's topics.  The Court understands this to mean that BSD regards Defendants' offers to compromise as being inadequate, and the Court is now being asked to give a thumbs up or thumbs down on the "full scope" of the topics at issue.

Amazon topics 1, 25 and 26, AWS topics 1, 30, 31 and 44, and Twitch topics 1, 29, 30 and 43 are improper contention topics that seek legal conclusions from Defendants' Rule 30(b)(6) deponents.  Amazon topics 13 and 14, AWS topics 9, 20 and 21, and Twitch topics 8, 19, 20 are unreasonably sweeping and detailed.  These topics are **QUASHED**.

The Court **GRANTS** BSD's motion to compel on Amazon topics 5, 6, 9, 27 and 31, AWS topics 4, 5, 32, 36 and 43, and Twitch topics 3, 4, 31, 35, 42.

### B.    Defendants' Motions to Compel

#### 1.    Index of *Apple* Litigation Material

The Court **ORDERS** BSD to provide the index of *Apple* litigation material by June 19, 2026.

#### 2.    Defendants' Interrogatories

Defendants' rogs 35 and 36 asked BSD to identify all documents, communications and source code that support the contentions in BSD's infringement and damages contentions.  BSD complains about the word "all," but in context that is not problem.  These are contentions rogs, so "all" means "all the ones BSD relies on."  The point of the rogs is to avoid unfair surprise. Because the case is near the end of fact discovery, it is appropriate to require BSD to answer these rogs.  Accordingly, Defendants' motion to compel is **GRANTED**.

#### 3.    Privilege Log

Defendants move to compel a privilege log for emails withheld from the emails of Moshe Dgani and Yossi Williger.  The Court **GRANTS** the motion and **ORDERS** BSD to provide the

log within seven days.

**IT IS SO ORDERED.**

Dated: June 17, 2026

THOMAS S. HIXSON
United States Magistrate Judge