UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BSD CROWN, LTD., | Case No. 23-cv-00057-TSH |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| | Re: Dkt. No. 215 |
| AMAZON.COM, INC., et al., | |
| Defendants. | |

The parties have three discovery disputes concerning BSD's Rule 30(b)(6) deposition topics. The Court addresses each in turn.

**A.    Negotiations**

Topics 28 to Twitch, 29 to AWS and 24 to Amazon are: "Your license agreements, negotiations, or offers related to live streaming technologies used in the Accused Instrumentalities, including royalty rates, lump-sum payments, or other terms for similar patents or technologies." During meet and confer, BSD has limited the negotiations to consummated agreements only. It has also limited negotiations to the top 20 broadcast/content provider agreements for Twitch, and the top 6 broadcaster/content provider agreements for AWS. It has also limited negotiations to high-level negotiations, not the specifics of any back and forth.

The sticking point between the parties is whether Defendants must locate and review potentially thousands of emails from as long as ten years ago to prepare their witnesses to testify about negotiations. Interestingly, neither side contends that a burdensome email review is actually necessary to prepare the witnesses. Rather, each side accuses the other of contending that. BSD says that "BSD asks only that Defendants properly prepare their witnesses to testify regarding this limited set of negotiations, and Defendants assert such information is contained in emails." ECF

No. 215 at 3. Defendants say that "BSD's position is also problematic because it seeks to dictate how Defendants prepare their witnesses rather than whether a topic is appropriate," and "Defendants should be permitted to prepare their witnesses based on information reasonably available within each Defendant's corporate knowledge." *Id*. at 6-7.

Because neither side contends, let alone demonstrates, that a burdensome email review is necessary to prepare the witnesses concerning negotiations, the Court is unwilling to draw that conclusion itself. Instead, the Court concludes that negotiations (as narrowed by BSD during meet and confer) are a relevant and proportional topic, **GRANTS** BSD's motion to compel, and **ORDERS** Defendants to designate a witness to testify on that topic with "information known or reasonably available to the organization." Fed. R. Civ. Proc. 30(b)(6). The Court does not find that "reasonably available" includes a burdensome email review.

**B.      Identification of Agreements**

Topic 26 to AWS is "[t]he identification of, and agreements with broadcasters and content providers that utilize the Accused Instrumentalities, including the material terms of those agreements." BSD has limited this topic to the top 20 by revenue. BSD says this is not a memory test, as AWS should produce the agreements prior to the deposition. To date, AWS has produced only seven of the agreements. Defendants argue that BSD should have raised this issue in the omnibus discovery letter that was intended to address all outstanding discovery issues. However, BSD did so on page 53 of the letter. Yes, there is a typo (BSD called it topic 27 to AWS when it was really topic 26), but since the letter quoted the topic, the Court can see that BSD raised it.

The error that both sides are making is that they are treating topic 26 as an RFP. It's not. It's a 30(b)(6) topic. As narrowed by BSD, it's a relevant and proportional topic, and the Court **GRANTS** BSD's motion to compel. That means AWS must designate one or more witnesses to testify on this topic as to the top 20 by revenue. AWS doesn't need to produce any documents ahead of time. It needs to produce a prepared witness. Nor is AWS's witness required to memorize a lot of information. The witness is free to bring with them any materials they wish to refer to during the deposition, and of course, counsel must provide a copy of all such materials to BSD at the start of the deposition. Thus, if it would be helpful, the witness could bring the

United States District Court
Northern District of California

agreements at issue to the deposition, including with notations of which terms AWS considers material.

**C.      Business Rationale**

Topic 21 to Amazon is "[t]he acquisition of all media streaming businesses (e.g., Elemental), including the business terms associated with such a transaction."  The parties disagree about whether this topic includes the business rationale for the acquisition, meaning why Amazon pursued it, how it evaluated the target, and how those considerations affected deal value and structure.  The parties agree this topic is limited to four agreements.

The Court **GRANTS** BSD's motion to compel.  Topic 21 fairly embraces the business rationale for each acquisition, at least at a high level.  Topic 21 does not fairly embrace, nor would it be reasonable to expect a witness to memorize, extensive details concerning the business rationale.

**IT IS SO ORDERED.**

Dated: June 25, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3