Francisco A. Villegas (Bar No. 206997)
Damir Cefo (pro hac vice)
Mark W. Halderman (pro hac vice)
Evan M. Rosenbaum (Bar No. 310414)
Kristin Whidby (pro hac vice)
Ketan V. Patel (pro hac vice)
fvillegas@villegascefo.com
dcefo@villegascefo.com
mhalderman@villegascefo.com
erosenbaum@villegascefo.com
kwhidby@villegascefo.com
kpatel@villegascefo.com
VILLEGAS & CEFO, LLP
1350 Avenue of the Americas, Floor 2
New York, NY 10019
Telephone: (646) 844-0679

John V. Picone III (Bar No. 187226)
jpicone@spencerfane.com
SPENCER FANE LLP
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100

*Attorneys for Plaintiff*
B.S.D. CROWN, LTD.

ROBIN L. BREWER, Bar No. 253686
rbrewer@sheppard.com
ALLEGRA J. KRESS, Bar No. 357488
akress@sheppard.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100

NATHAN B. SABRI, Bar No. 252216
nsabri@perkinscoie.com
MATHIEU A. SWIDERSKI, Bar No. 330333
mathieuswiderski@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000

*Attorneys for Defendants*
AMAZON.COM, INC. AMAZON WEB
SERVICES, INC. AND TWITCH
INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD., | Case No. 3:23-cv-00057-TSH |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC., | **PROPOSED SCHEDULE** |
| Defendants. | |

In accordance with the Court's June 26, 2026 Order Re: Case Schedule (Dkt. No. 221), the parties met and conferred and present the below proposed schedule for the remaining dates in this case:

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Deadline to File any Fact Discovery Motion | Tuesday, August 4, 2026 | Friday, July 24, 2026 |
| **BSD's position**: Good cause exists to preserve the discovery-motion timing the parties originally contemplated. The parties agreed to a substantial-completion deadline for document production, ECF No. 155, to ensure sufficient time to evaluate production, meet and confer regarding deficiencies, and raise any unresolved issues with the Court. Although later scheduling changes inadvertently omitted that buffer, the need for it remains.<br><br>That need is concrete. As recently as last week, BSD identified missing documents from Defendants' production, despite Defendants' prior assurances that their production was complete. The Joint Omnibus Discovery Order, ECF. No. 213, resolved many then-pending disputes, but it did not and could not resolve later-discovered deficiencies or issues arising from Defendants' subsequent searches and productions. Nor could BSD have avoided this issue through earlier planning, where Defendants represented for months that they had done everything reasonably possible to locate responsive materials, only to contradict themselves later after admitting to never have searched custodial documents.<br><br>BSD is not seeking to extend discovery indefinitely or revive stale disputes, only to restore the practical buffer the parties previously agreed was necessary. No party will be prejudiced, as the remaining deadlines have been agreed to or differ by only a few days. By contrast, denying the adjustment would prejudice BSD by forcing it to evaluate late-identified deficiencies and seek relief, if necessary, | | |

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| without the reasonable period the parties originally built into the schedule.<br><br>**Defendants' position**: BSD's alleged good cause is unconnected to this proposed deadline. L.R. 37-3 states clearly that "no discovery-related motions may be filed more than 7 days after the discovery cut-off." L.R. 37-3. The Commentary to the rule further states that "Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule." There is no good cause to deviate from this Court's well-reasoned practice, which encourages a reasonably prompt end to fact discovery and lingering disputes, particularly given that the vast majority of discovery disputes were settled in the Joint Omnibus Discovery Order (Dkt. No. 213).<br><br>BSD's position is unsurprising – it has consistently attempted to extend fact discovery and seek additional documents, including the most recent alleged identification of "missing documents." This is not adequate justification to modify this deadline.<br><br>To be sure, BSD has its own issues – notably, the parties are currently in discussions concerning BSD's failure to provide a compliant privilege log and index of Apple documents pursuant to this Court's June 17, 2026 Order (Dkt. No. 213). But the possibility of additional discovery motions does not warrant extending L.R. 37-3's deadline. It simply means the parties should be mindful of the local rule and plan accordingly.<br><br>Further, BSD's purported good cause—the deadline for substantial completion of document productions—bears no connection to the motion to compel deadline. BSD requested the substantial completion deadline to accommodate document production before depositions, not to preserve additional time for filing discovery motions. BSD then disregarded the import of this deadline, propounding 17 | | |

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| of its 18 email discovery requests such that production would occur *after* the substantial completion deadline. Five of those requests were served as recently as May 6. These facts belie any suggestion that additional time will do anything other than further prolong the schedule and burden the Court. The deadline for filing motions to compel was not keyed off of the substantial completion deadline and there was no additional time built in to the schedule.<br><br>Finally, BSD's argument as to alleged prejudice is without merit. There is no prejudice to requiring compliance with the local rules here. As noted above, both parties have identified disputes, and so any deadline to identify disputes would apply equally to both parties. Moreover, by allowing a week after the close of fact discovery to file motions to compel, the local rules already take into consideration what BSD purports to seek—the evaluation of late-identified deficiencies and an opportunity to seek relief. The circumstances of this case are not so unusual that the Court should set aside the well-reasoned local rules. | | |
| Deadline to Serve Opening Expert Reports | Wednesday, September 2, 2026 | |
| Deadline to Serve Responsive Expert Reports | Wednesday, October 7, 2026 | |
| Close of Expert Discovery | Wednesday, November 4, 2026 | |
| Deadline to File Motions to Strike Expert Reports<br><br>**BSD's position**: Motions to strike expert reports and Daubert motions should proceed on the same schedule because both seek exclusion or limitation of expert opinions and often turn on overlapping issues, including the scope, reliability, and | Thursday, November 12, 2026 | |

3

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| admissibility of expert testimony. Treating them together promotes efficiency, avoids duplicative briefing, and reduces the risk of piecemeal rulings on the same expert record.<br><br>These motions are distinct from summary judgment. Summary judgment tests whether a claim or defense can proceed as a matter of law; Daubert and motions to strike address what expert evidence the Court may consider. That an expert ruling may affect summary judgment does not convert Daubert into a dispositive motion. It instead supports resolving expert-admissibility issues in an orderly, coordinated manner.<br><br>BSD does not seek an open-ended departure from the Local Rules, but a case-specific schedule that aligns substantively related expert-exclusion motions. Any concern about response deadlines can be addressed through coordinated briefing dates. Good cause therefore exists to set the same deadline for motions to strike expert reports and Daubert motions.<br><br><br>**Defendants' position**: This deadline should be limited to Motions to Strike Expert Reports consistent with the Local Rules and the deadline for *Daubert* motions should be the same as summary judgment motions. Indeed, the parties already agreed to that arrangement in the parties' previous proposed joint schedule (*see* Dkt. No. 155), and it is the norm in this District.<br><br>The deadline for Motions to Strike is set by L.R. 37-3, and there is no good cause for deviating from the local rule. While BSD is correct that there is some overlap between Motions to Strike and *Daubert* motions conceptually, its arguments would be true in any case and justify always departing from L.R. 37-3. That is not good cause based on the facts and circumstances of the case, it is a preference. Indeed, the | | |

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| parties' prior agreed-upon schedule implicitly already included this deadline by leaving the default under the local rules in place. (*See* Dkt. Nos. 154-155).<br><br>In contrast, Summary Judgment and *Daubert* motions are more akin to substantive motions, which Courts in this District ordinarily hear together after all discovery motions are resolved and the record is set. Notably, BSD and this Court have previously ordered schedules in this case which track Summary Judgment and *Daubert* motions simultaneously. (*See, e.g.*, Dkt. No. 154-155). That is because substantive motions routinely include directly related issues best heard simultaneously (*e.g.*, a grant of a *Daubert* motion for a technical expert may necessitate granting summary judgment on non-infringement). BSD provides no explanation for its change in course now.<br><br>The usual practice, as reflected by the post-expert discovery briefing schedule already contemplated in the parties' prior agreed-upon schedule, should be adopted. | | |
| Opposing Motions to Strike and *Daubert*<br><br>*See* Parties' positions above on whether to include *Daubert* motions. | Thursday, December 3, 2026 | Tuesday December 1, 2026 (for Motions to Strike)<br><br>*Daubert* Motions to match deadlines for Summary Judgment |
| Reply *Daubert* and Motions to Strike Briefs Due<br><br>*See* Parties' positions above on whether to include *Daubert* motions. | Thursday, December 17, 2026 | Tuesday, December 8, 2026 (for Motions to Strike)<br><br>*Daubert* Motions to match deadlines for Summary Judgment |
| Opening Summary Judgement Briefs Due<br><br>*See* Parties' positions above on whether to include *Daubert* motions. | Friday, December 18, 2026 | Thursday, December 17, 2026 |

5

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Opposing Summary Judgment Briefs Due<br><br>*See* Parties' positions above on whether to include *Daubert* motions. | Monday, January 18, 2027 | Thursday, January 14, 2027 |
| Reply Summary Judgment Briefs Due<br><br>*See* Parties' positions above on whether to include *Daubert* motions. | Wednesday, February 3, 2027 | Thursday, January 28, 2027 |
| Summary Judgment *Daubert* Hearing<br><br>**BSD's position**: BSD respectfully requests a hearing on Summary Judgment, *Daubert,* and strike motions<br><br>**Defendants' position**: Whether to include motions to strike should be left to the Court's discretion | Thursday, February 25, 2027<br><br>Subject to the convenience of the Court | |
| Exchange of Opening Pretrial Disclosures[1] on issues for which the parties bear the burden of proof. | Wednesday, May 5, 2027 | |
| Exchange objections and Pretrial Disclosures; and serve rebuttal Pretrial Disclosures | Wednesday, May 26, 2027 | |
| Serve objections to rebuttal Pretrial Disclosures | Wednesday, June 2, 2027 | |
| File Pretrial Disclosures | Wednesday, June 16, 2027 | |
| File Motions *in limine* | Wednesday, June 23, 2027 | |
| File Oppositions to Motions *in limine* | Wednesday, July 7, 2027 | |
| File Joint Pretrial Order[2] | Wednesday, July 21, 2027 | |

---

[1] "Pretrial Disclosures" includes: (1) Witness Lists, (2) Exhibit Lists, (3) Proposed Voir Dire Forms, (4) Proposed Verdict Form, (5) Proposed Jury Instructions,  (6) Deposition Designations, (7) Designations of Interrogatory Responses and Responses to Requests for Admission,

[2] The "Joint Pretrial Order" shall include: 1. A short joint statement as to the nature of the action. 2. The contentions of the parties. For plaintiff, all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether

6

| Event | BSD's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Final Pretrial Conference | Subject to the convenience of the Court's calendar, on or after Thursday, August 5, 2027 | |
| Trial Begins | Subject to the convenience of the Court's calendar, on or after Monday, August 23, 2027 | |

Respectfully submitted,

Dated: July 6, 2026

By: */s/ Francisco A. Villegas*
    Francisco A. Villegas
    VILLEGAS & CEFO LLP

    Attorneys for Plaintiff
    BSD CROWN, LTD.

By: */s/ Robin L. Brewer*
    Robin L. Brewer
    SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP

    Attorneys for Defendants
    AMAZON.COM, INC., AMAZON WEB
    SERVICES, INC., and TWITCH
    INTERACTIVE, INC.

**FILER'S ATTESTATION**

I, Robin L. Brewer, pursuant to Civil Local Rule 5-1(i)(3), attest that all other signatories listed, and on whose behalf the filing is submitted, have concurred in the filing of the document.

Dated:  July 6, 2026

By: */s/ Robin L. Brewer*
    Robin L. Brewer

---

the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. 3. Stipulations and uncontested facts. 4. List of any pending motions. 5. Probable length of trial.