Francisco A. Villegas (Bar No. 206997)
Damir Cefo (*pro hac vice*)
Mark W. Halderman (*pro hac vice*)
Evan M. Rosenbaum (Bar No. 310414)
fvillegas@villegascefo.com
dcefo@villegascefo.com
mhalderman@villegascefo.com
erosenbaum@villegascefo.com
VILLEGAS & CEFO, LLP
1350 Avenue of the Americas, Floor 2
New York, NY 10019
Telephone: (646) 844-0679

John V. Picone III (Bar No. 187226)
jpicone@spencerfane.com
SPENCER FANE LLP
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100

Attorneys For Plaintiff
B.S.D. CROWN, LTD.

ROBIN L. BREWER, Bar No. 253686
rbrewer@sheppard.com
ALLEGRA J. KRESS, Bar No. 357488
akress@sheppard.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100

NATHAN B. SABRI, Bar No. 252216
nsabri@perkinscoie.com
MATHIEU A. SWIDERSKI, Bar No. 330333
mathieuswiderski@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000

*Attorneys for Defendants*
AMAZON.COM, INC.
AMAZON WEB SERVICES, INC. AND
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B.S.D. CROWN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC. and TWITCH INTERACTIVE, INC., <br><br> Defendants. | Case No. 3:24-cv-00057-TSH <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING OUTSTANDING DISCOVERY DISPUTES** |

1

Pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, Plaintiff BSD Crown Ltd. ("Plaintiff") and Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. ("Defendants") (collectively, "the Parties"), by and through their respective counsel, hereby stipulate to the following:

WHEREAS, on July 7, 2026, the Court issued an Updated Case Management and Scheduling Order setting the deadline to file any fact discovery motions on July 24, 2026;

WHEREAS, the parties have identified disputes which have since been narrowed by agreement of the parties to provide additional discovery out of time in lieu of burdening the Court with further briefing;

WHEREAS, there is good cause for a stipulation memorializing the parties' agreement and issuing an order to enable further relief as necessary in lieu of a discovery motion;

NOW THEREFORE, Plaintiff and Defendants respectfully request the grant of their stipulation to provide the following:

- By no later than August 10, 2026, Plaintiff will supplement its response to Defendants' Interrogatory No 4 to Plaintiff related to Plaintiff's validity contentions by identifying all theories for why the prior art theories identified in Defendants' invalidity contentions do not render the asserted claims invalid, including by explaining Plaintiff's full factual and legal bases for supporting each theory. The Parties agree that the level of detail in response to Interrogatory No. 4 will be less than the level of detail to be provided in a validity expert report, and commensurate with the level of detail provided by Defendants in their responses to Plaintiff's Interrogatory No. 1 to each Defendant, directed to non-infringement. The Parties further agree that Plaintiff will supplement its appendix of documents identified in response to Interrogatory No. 4 to narrow to a good faith identification of the documents Plaintiff believes it is likely to rely upon in any validity expert report and at trial. The purpose is to provide notice as to which documents support the disclosed theories and Plaintiff's experts are likely to cite or rely on in the expert reports.

JOINT STIPULATION RE DISCOVERY DISPUTES                    CASE NO. 3:24-CV-00057-TSH

- By no later than August 10, 2026, Plaintiff will supplement its response to Defendants' Interrogatory No. 5 to Plaintiff related to secondary considerations of non-obviousness by identifying all secondary considerations of non-obviousness which it intends to rely upon in any validity expert report or at trial, including by explaining Plaintiff's full factual and legal bases for supporting each secondary consideration of non-obviousness. The Parties agree that the level of detail in response to Interrogatory No. 5 will be less than the level of detail to be provided in a validity expert report, and commensurate with the level of detail provided by Defendants in their responses to Plaintiff's Interrogatory No. 1 to each Defendant, directed to non-infringement. The Parties further agree that Plaintiff will supplement its appendix of documents identified in response to Interrogatory No. 5 to narrow to a good faith identification of the documents Plaintiff believes it is likely to rely upon in any validity expert report and at trial. The purpose is to provide notice as to which documents support the disclosed theories and Plaintiff's experts are likely to cite or rely on in the expert reports.

- Further, the applicability of this agreement applies equally to Defendants' responses to BSD's Interrogatory No. 1, specifically as to the identification of documents.

- By no later than August 10, 2026, Plaintiff will supplement its appendix of documents identified in response to Interrogatory Nos. 35 and 36 to narrow to a good faith identification of the documents Plaintiff believes it is likely to rely upon in support of the subject matter identified as within the scope of each Interrogatory. The purpose is to provide notice as to which documents support the disclosed contentions and Plaintiff's experts are likely to cite or rely on in the expert reports.

- The Parties agree that Plaintiff shall not offer fact-witness testimony concerning Plaintiff's settlement agreement with Microsoft Corporation resolving Emblaze Ltd. v. Microsoft Corporation, No. 3:12-cv-05422 (N.D. Cal.), to supplement or expand upon the testimony provided by Yossi Williger and Naftali Shani during their respective depositions in this action on any Rule 30(b)(6) topic for which either witness was

3

designated but was unable or declined to provide testimony. Defendants further agree that they shall not subpoena or otherwise call any third party to offer testimony concerning that settlement agreement, whether at trial or in any pretrial proceeding. Plaintiff agrees that by no later than July 27, 2026 it will produce the document which was previously identified in its July 15, 2026 Supplemental Privilege Log as bearing Document ID number 716. The Parties agree that production of the document will not constitute a waiver of any privilege, including work product protection, under Federal Rule of Evidence 502 and/or a subject matter waiver of any applicable privilege or immunity.

- Discovery taken after the close of fact discovery, either by agreement or with the Court's permission, may form the basis of altering the terms of this agreements, either by agreement or through the Court's intervention.

Dated: July 24, 2026

By: */s/ Francisco A. Villegas*
    Francisco A. Villegas
    VILLEGAS & CEFO LLP

    Counsel for Plaintiff
    BSD CROWN, LTD.

By: */s/ Robin L. Brewer*
    Robin L. Brewer
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

    Counsel for Defendants
    AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.

**The foregoing stipulation IS SO ORDERED**.

Dated: _____      _____
                                  Hon. Thomas S. Hixson

JOINT STIPULATION RE DISCOVERY DISPUTES          CASE NO. 3:24-CV-00057-TSH

## ATTESTATION CLAUSE

I, Robin L. Brewer, am the ECF user whose credentials were used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have consented to the filing of this document.

Dated: July 24, 2026                    By:    */s/ Robin L. Brewer*
                                               Robin L. Brewer

                                               SHEPPARD, MULLIN, RICHTER
                                               & HAMPTON LPP

JOINT STIPULATION RE DISCOVERY DISPUTES                    CASE NO. 3:24-CV-00057-TSH