United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BSD CROWN, LTD.,<br>Plaintiff,<br>v.<br>AMAZON.COM, INC., et al.,<br>Defendants. | Case No. 23-cv-00057-TSH<br>**PUBLIC VERSION OF ECF NO. 251 DISCOVERY ORDER (AND ORDERS ON RELATED MOTIONS TO SEAL)**<br>Re: Dkt. Nos. 234-246, 250 |

The parties have filed a series of joint discovery letter briefs. The Court addresses them as follows.

**A. ECF No. 234**

Defendants ask the Court to review 60 documents *in camera*. They are set forth in Exhibits 4 and 10. They are nearly all communications between Naftali Shani and Moshe Dgani, though one also includes Amir Wolf. The July 15, 2026 privilege log claims work product protection for these items, stating that they were prepared for the Apple litigation, the Microsoft litigation, or in anticipation of litigation. The July 24, 2026 amendment to the log adds some more detail about the work product claim, specifying that the communications were at the direction and for the use of outside counsel, and stating that the anticipated litigation would have been against Google and Adobe.

The standard for *in camera* review is not high, but it's not nothing either, and the Court doesn't think it's been met here. Given Shani's and Dgani's roles at Emblaze at the time, and

given the temporal overlap these documents have with Emblaze's prior litigations, there is nothing suspicious about these work product claims. Defendants argue that BSD's July 24 amendment to its log creates "sudden and puzzling changes" that "directly contradict" BSD's statements during meet and confer that the entries in question did not include counsel. But that is wrong because the July 24 amendment did not assert that counsel were included on those communications. The amendment just added more detail about the work product claim. Accordingly, Defendants' request for *in camera* review is **DENIED**.

**B. ECF No. 236**[1]

Defendants move to compel a further response to rog 16, which asked about the Emblaze server. The rog response conveys the impression that the server was lost in 2013, but Moshe Dgani's testimony makes clear that it was lost sometime after August 2016. (It is not at all clear to the Court that Yossi Williger was talking about the same server in his deposition.) BSD is technically correct that Rule 26(e)'s supplementation requirement applies "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. Proc. 26(e)(1)(A), and from this motion to compel the Court can see that Defendants are indeed aware of the corrective information.

Aside from the timing of the loss of the server, Defendants have not shown that anything else in the first or second supplemental responses to rog 16 is false. The fact that Naftali Shani did not recall talking with Dgani about the Emblaze server doesn't mean the rog response is inaccurate; witnesses can remember things differently. With respect to what the investigation into the server entailed, Dgani's deposition testimony does not undermine the rog response. In the cited sections of his deposition, his testimony is rambling, the relationship between the questions he is asked and his answers is often unclear, and at least in the sections provided to the Court, Dgani is not systematically walked through the rog response.

Defendants seem unsure what they think the problem is with the rog response (aside from

[1] For the motion to seal at ECF No. 235, the Court **GRANTS** it as to Exhibit F, but **DENIES** it as to Exhibits C, D and E, as they do not contain any sealable information. The Court **ORDERS** Defendants to file Exhibits C, D and E in the public record within five days.

the date issue). Consider this argument: "BSD was no mom-and-pop operation; it was a publicly-traded company with reporting obligations that went through a hostile takeover. The idea that, in such a scenario, a primary asset of the company could simply go missing stretches the bounds of credulity. And BSD's failure to contact its lawyers, accountants, and other professionals involved in those transactions suggests this 'investigation' was half-hearted at best." The two halves of this argument contradict each other. The first half argues that BSD had to be more diligent than it has described, and the second half lambasts BSD for its lack of diligence.

In any event, other than the error with respect to the date (which Defendants know about), Defendants have not shown that the rog response is inaccurate or that BSD has additional information it has withheld. Accordingly, their motion to compel is **DENIED**.

### C. ECF No. 238[2]

BSD moves to compel concerning its RFP 14 to Amazon.com and RFP 13 to AWS. These RFPs seek actual and projected financial information for the accused products, including revenue, income, costs, profits and losses. BSD says that it recently learned in discovery that Prime Video is an AWS customer. That testimony confirmed that AWS's financial spreadsheets [redacted]. To be clear, BSD does not contend that Amazon.com infringes the patent based on its offering of Prime Video, which is why Prime Video is not discussed in BSD's infringement contentions. Rather, AWS operates the accused instrumentalities for each of its customers, and Prime Video is one such customer.

For their part, Defendants are willing to produce [redacted], but they observe that this is not all that BSD seeks. BSD is clearly seeking Amazon's sales, revenue and profits for the accused instrumentalities, including that attributable to Prime Video. However, for Amazon's

---

[2] The motion to seal at ECF No. 237 has some problems. The introduction and conclusion say the parties are moving to seal the joint discovery letter brief and Exhibits 5, D, F and G. However, the body of the brief refers to Exhibits 5, E, F and G. Exhibit D was filed in the public record (ECF No. 238-10). The exhibits after D are not labeled, so nothing is marked Exhibit E or F or G. The Court assumes that Exhibit E is the June 19 Dunlap testimony (ECF No. 237-13). If Exhibit F is the June 10 Truax testimony, it was filed in the public record (ECF No. 238-13). If Exhibit G is the August 26 meet and confer letter, it was also filed in the public record (ECF No. 238-14). The Court **ORDERS** the parties to file a supplemental brief within five days clarifying what they meant to seal in ECF No. 237.

financial information attributable to Prime Video to be relevant, Prime Video would need to be an infringing product – a theory BSD disclaims and that is nowhere mentioned in its infringement contentions. There is thus a mismatch between BSD's theory of relevance (Amazon is a customer of AWS's infringing product) and what it wants in discovery (Amazon's revenue and sales information from Prime Video).

Accordingly, BSD's motion to compel is **GRANTED IN PART**. The Court **ORDERS** Defendants to produce [redacted]. The motion to compel is otherwise **DENIED**.

### D. ECF No. 240[3]

BSD moves to compel concerning topics 22, 24 and 35; a financial spreadsheet; and rog 20.

#### 1. Depo Topics

BSD contends that AWS's Rule 30(b)(6) designee, Greg Truax, was unprepared for certain aspects of topics 22, 24 and 35.

##### a. Market Share

BSD shows that Truax was unprepared to testify about total market and market share for Elemental Live and Elemental Delta. However, BSD does not show that Truax was designated to testify on those topics. For topic 22, he was designated to testify concerning the projected performance for the Accused Instrumentalities and the actual financial performance of Elemental Live and Elemental Delta. The Court does not think "financial performance" includes the total addressable market. "Financial performance" could include market share, but the more common way to think of financial performance is sales and revenue for a product; therefore, the Court does not know that topic 22 necessarily included market share. Topic 35 was "[t]he market share, competitive landscape, and demand for the Accused Instrumentalities," but in response AWS made a series of objections and then said "AWS designates Greg Truax to provide non-privileged

[3] For the motion to seal at ECF No. 239, the Court **GRANTS** the motion as to the joint discovery letter brief, Exhibit 2 and Exhibit B. The Court **DENIES** the motion without prejudice as to Exhibits 3, 4, 5 and A because sealing those items in their entirety is overbroad. The parties may propose narrowly tailored redactions within five days. In addition, the parties appear to have filed the entirety of Exhibit 4 in the public record (ECF No. 240-6); they should promptly notify the ECF Help Desk if they did not mean to do that.

testimony regarding the competitors for the Accused Instrumentalities." So, AWS did not designate him (or anyone) to testify about market share or the addressable market. Accordingly, BSD's motion to compel, which frames the issue as a lack of preparation, falls flat.

**b. Financial Data**

For topic 22 (AWS_0007198), AWS designated Truax "to provide non-privileged testimony regarding the financial information in AWS_0007198, as well as testimony explaining general processes through which this data is tracked, how this financial information is derived, and the way in which such data is exported from a database in the ordinary course of business."

Here, Truax did not know when the document was created, but AWS did not designate him on that issue. BSD takes issue with Truax's substantive answers about the financial information in the document, because he said what he "expected" certain items to mean. However, in context the Court reads his testimony to indicate that he did know those things. Accordingly, BSD fails to show that Truax was not properly prepared.

**2. Financial Spreadsheet**

Separately, BSD argues that AWS_00007198 is incomplete. AWS seems to agree, or at least agrees it is out of date. The Court **ORDERS** AWS to produce a new spreadsheet including financial data for the two products, as well as a declaration explaining the respective fields. The Court further **ORDERS** AWS to produce a Rule 30(b)(6) designee to testify about the new spreadsheet.

**3. Rog 20**

The Court **ORDERS** AWS to update its response to rog 20 with the new spreadsheet.

**4. Conclusion**

BSD's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as stated above.

**E. ECF No. 243[4]**

With respect to the consulting agreements, the Court **ORDERS** BSD to produce them.

[4] For the motion to seal at ECF No. 242, the Court **GRANTS** it as to the joint discovery letter brief and Exhibits B, E, F and G. The Court **DENIES** the motion as to Exhibit H, which does not

United States District Court
Northern District of California

However, BSD may redact any work product contained in the agreements.

With respect to the Rule 30(b)(6) deposition, topic 19 was "[a]ny valuation of BSD's intellectual property from January 1, 1998 to present, including but not limited to valuations of intangible property disclosed in BSD's quarterly and annual reports from January 1, 1998 to present." Therefore, Williger's inability to state whether or where BSD's intellectual property is reflected in the 2017 annual report means he was not adequately prepared for his deposition. BSD argues that Israeli GAAP rules prevent it from including its valuation of its intellectual property in its financial statements. But if that is true, a prepared witness could have just said that.

Topic 18, by contrast, did not specifically refer to quarterly or annual reports, so Defendants have not shown that Williger was unprepared on that topic.

Accordingly, the Court **GRANTS** Defendants' motion to compel as to topic 19, **DENIES** it as to topic 18, and **ORDERS** BSD to make a Rule 30(b)(6) witness available to testify for two hours on topic 19.

**F. ECF No. 244[5]**

BSD fails to persuade that any of these documents exist anymore. Its motion to compel is **DENIED**.

**G. ECF Nos. 246 and 250[6]**

In this motion to compel, BSD seeks "corporate testimony and existing documents and data, to the extent maintained or reasonably identifiable in AWS's ordinary-course systems, sufficient to show: (1) [redacted]."

---

contain any sealable material, and **ORDERS** Defendants to file Exhibit H in the public record within five days. The Court **DENIES** the motion to seal without prejudice as to Exhibits 3 and 4 because sealing entire deposition transcripts is overbroad. Within five days BSD shall file a narrowly tailored motion to seal as to Exhibits 3 and 4.

[5] The motion to seal at ECF No. 241 is **GRANTED.** The Court observes that even though the parties did not move to seal Exhibit 10, they nonetheless filed it under seal. The Court **ORDERS** BSD to file Exhibit 10 on the public docket within five days.

[6] The motion to seal at ECF No. 245 states in its introduction and conclusion that it seeks to seal the joint discovery letter brief and Exhibits A-E and 1 and 2. By contrast, the body of the motion refers only to the joint discovery letter brief and Exhibits 1, 2, D and E. The Court observes that the parties filed Exhibits A, B and C in the public record (ECF Nos. 250-5, 250-6 and 250-7). The Court **ORDERS** the parties to file a statement within five days clarifying what they meant to seal.

This motion is a little hard to grasp because it is not well explained. The parties agree that BSD did not identify CloudFront as one of the accused instrumentalities in its infringement contentions. BSD seems to be contending that a content delivery network (CloudFront is AWS's) is necessary to satisfy claim 2's downloading limitation, but that would seem to make the CDN an accused instrumentality, which it isn't. It is difficult to understand why [redacted] are relevant if CloudFront is not an accused instrumentality.

If BSD is meaning to imply a second-order theory of relevance, it has failed to explain or persuade. BSD has not shown that CloudFront delivery is a proxy for how much infringement the accused instrumentalities commit. Rather, AWS has shown that customers can use essentially any CDN, including non-AWS CDNs, in connection with the accused instrumentalities. Further, AWS explains that the accused products bill based on data in and out of the products, a billing structure that is agnostic as to where the data is sent.

Accordingly, for these reasons, the requested discovery is neither relevant nor proportional to the needs of the case, and BSD's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2026

THOMAS S. HIXSON
United States Magistrate Judge