ROBIN L. BREWER, Bar No. 253686
rbrewer@sheppard.com
ALLEGRA J. KRESS, Bar No. 357488
akress@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100

THOMAS N. MILLIKAN, Bar No. 234430
tmillikan@sheppard.com
JOSEPH P. REID, Bar No. 211082
jpreid@sheppard.com
NICHOLAS G. LIPPERD, Bar No. 359627
nlipperd@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-7437

MICHAEL J. DESTEFANO, *Admitted Pro Hac Vice*
mdestefano@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006
Telephone: (202) 747-1900

NATHAN B. SABRI, Bar No. 252216
nathan.sabri@ashurstperkinscoie.com
ASHURST PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000

*Attorneys for Defendant*
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BSD CROWN, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC.,<br><br>Defendants. | Case No. 3:23-cv-00057-TSH<br><br>**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 19, 2026<br>Time: 10:00 am<br>Judge: Hon. Thomas S. Hixson<br>Place: Courtroom E, 15th Floor |

TABLE OF CONTENTS

I. INTRODUCTION ..................................................... 1

II. ARGUMENT ..................................................... 1

A. Amazon is Entitled to Summary Judgment Because BSD's Akamai and Agency Theories of Liability Fail as a Matter of Law. ..................................................... 1

1. BSD Misrepresents Several Cases it Cites. ..................................................... 1

2. Akamai and Its Progeny Do Not Apply Here. ..................................................... 3

3. Even If the Akamai Line of Cases Applied, BSD Cannot Satisfy the Akamai Test. ..................................................... 5

B. BSD Cannot Defeat Summary Judgment Because Its Arguments Rely on Undisclosed or Expressly Disclaimed Theories ..................................................... 6

1. BSD's Arguments Related to Prime Video Cannot Support Infringement. ..................................................... 6

2. BSD Did Not Disclose a Joint Infringement Theory, and Cannot Include One Now in the Veneer of an Akamai Theory. ..................................................... 8

3. BSD's Argument that "A Jury Could Find that Amazon Directed and Authorized the Accused Services Generally" Is Entirely Speculative. ..................................................... 9

C. BSD Cannot Prove Willful Infringement Because There Is No Evidence of Specific Intent to Infringe. ..................................................... 10

III. CONCLUSION ..................................................... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akamai Techs., Inc. v. Limelight Networks, Inc.*
797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ........ *passim*

*Bayer Healthcare LLC v. Baxalta Inc.*
989 F.3d 964 (Fed. Cir. 2021)........ 10

*BMC Res., Inc. v. Paymentech, L.P.*
498 F.3d 1373 (Fed. Cir. 2007)........ 2, 5, 8

*Bowoto v. Chevron Texaco Corp.*
312 F. Supp. 2d 1229 (N.D. Cal. 2004) ........ 3, 9

*British Telecomms. PLC v. IAC/InterActiveCorp*
356 F. Supp. 3d 405 (D. Del. 2019)........ 9

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*
845 F.3d 1357 (Fed. Cir. 2017)........ 4, 5

*Mobil Oil Corp. v. Linear Films, Inc.*
718 F. Supp. 260 (D. Del. 1989)........ 2

*Muniauction, Inc. v. Thomson Corp.*
532 F.3d 1318 (Fed. Cir. 2008)........ 2, 5, 8

*Nalco Co. v. Chem-Mod, LLC*
883 F.3d 1337 (Fed. Cir. 2018)........ 9

*Travel Sentry, Inc. v. Tropp*
877 F.3d 1370 (Fed. Cir. 2017)........ 2, 4, 5

## I. INTRODUCTION

BSD's opposition to Amazon's motion for summary judgment is filled with contradictions. BSD loudly disavows allegations against Prime Video, but fills its background section with nothing but facts related to Prime Video. BSD claims it did not need to disclose joint infringement theories in its mandatory infringement contentions, yet builds its argument around joint infringement case law and allegations regarding the acts of multiple parties. BSD asserts that its willfulness claim involves a dispute of material fact, but then cites no facts addressing the failure of proof Amazon has identified on two required willfulness elements, i.e., knowledge of infringement and specific intent to infringe.

Perhaps most inconsistent of all, BSD concedes that no Amazon products stand accused of infringement ***at all*** and that it seeks absolutely no remedy against Amazon in this case ([redacted]). Nevertheless, BSD insists that Amazon must remain a party despite no legally cognizable basis for that result.

Ultimately, BSD's theories fail as a matter of law and present no dispute of material fact such that a reasonable jury could find infringement as to Amazon. Accordingly, Amazon's motion for summary judgment should be granted and Amazon should be dismissed from the case. At an absolute minimum, BSD's baseless willfulness claim should be dispatched.

## II. ARGUMENT

### A. Amazon is Entitled to Summary Judgment Because BSD's *Akamai* and Agency Theories of Liability Fail as a Matter of Law.

The theories presented in BSD's opposition all fail on substance. BSD misrepresents its cases, which do not actually apply here. But even if they did, their application would lead to the same result: Amazon should not remain a party because it cannot be held liable on any operative theory of infringement. Indeed, ***none*** of Amazon's products or actions even stand accused; its only "relationship" to this case is that it happens to own the remaining two defendants, which operate as separate, independent businesses with respect to the products at issue.

#### 1. BSD Misrepresents Several Cases it Cites.

As an initial matter, BSD makes several statements regarding case law that amount to clear

mistakes or misrepresentations warranting correction. These citations relate to BSD's core legal argument for Amazon's liability under the *Akamai* line of cases. First, BSD's introduction states that "a party that 'acts through an agent' or 'contracts with another to perform one or more steps of a claimed method' is liable as a direct infringer, ***as is one*** that 'establishes the manner or timing' of another's performance." Opp'n at 1 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (*en banc*)) (emphasis added). But *Akamai* does not recognize "establish[ing] the manner or timing" of another's performance of infringing steps as independently sufficient. Instead, *Akamai* requires "condition[ing] participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method" ***in addition to*** "establish[ing] the manner or timing" of the performance. *Id.* As discussed in more detail below, BSD cannot satisfy the "conditioning" requirement because the only accused products in this case are AWS and Twitch products.

Second, BSD cites multiple standards that are no longer good law. It relies on *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), for the proposition that "the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" Opp'n at 11. BSD further states that Amazon is chargeable as "the party in control." Opp'n at 9 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007)). But the Federal Circuit has expressly overruled this reasoning. *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1383 (Fed. Cir. 2017) ("[T]o the extent *BMC* or *Muniauction* employed or implied a 'mastermind' theory of liability under § 271(a), that theory is no longer the governing standard.").

Finally, BSD states that "[u]nder the 'traditional agency principles' *Akamai* incorporates, an agent is one who acts 'on the principal's behalf and subject to the principal's control.'" Opp'n at 8 (citing Restatement (Third) of Agency § 1.01 (2006)). The Restatement is not binding law, but more importantly, BSD understates the requirements for establishing an agency relationship for purposes of patent infringement, where "the relevant question is whether the alleged principal…directed the specific actions of the alleged agent…which resulted in infringement of [the asserted] patents." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 271-72 (D. Del.

1989); *see also Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1240 (N.D. Cal. 2004) ("Not only must an arrangement exist between the two corporations so that one acts on behalf of the other and within usual agency principles, but the arrangement must be relevant to the plaintiff's claim of wrongdoing").

**2. *Akamai* and Its Progeny Do Not Apply Here.**

BSD focuses the majority of its argument on a theory based on the Federal Circuit's divided infringement holdings in *Akamai* and its progeny. Although infringing a method claim generally requires a single party to complete all steps of the method, the *Akamai* court recognized a narrow exception when a defendant "conditions participation in an activity or receipt of a benefit upon [a third party's] performance of…steps of a patented method and establishes the manner or timing of that performance." *Id.* at 1023. But the *Akamai* cases all involve defendants conditioning use of or access to the defendants' accused product on a customer or other third party completing certain infringing steps with the product.[1]

Here, the *Akamai* line of cases is entirely distinguishable because Amazon, the defendant at issue, ***has no accused products***. Indeed, BSD does not allege that AWS performed certain infringing steps using Amazon's accused product—the only accused products in this case are AWS and Twitch accused products. Nor can BSD claim that Amazon conditioned use of or access to Amazon's accused product on AWS performing such infringing steps, because there is no Amazon accused product. The accused products are AWS products to begin with, yet BSD asserts that AWS's purportedly infringing activity using its own products should be attributable to Amazon. Opp'n at 8 ("[A]lthough AWS's services performed the claimed steps, they did so for Amazon and on Amazon's terms. Accordingly, the performance would be attributable to Amazon."). This is a complete twisting of *Akamai*'s holding; none of BSD's cited case law addresses the factual

[1] To the extent that BSD argues direct infringement based on traditional agency principles acknowledged in *Akamai*, that argument has been waived, because it was not disclosed in BSD's Contentions. Dkt. No. 281-3 at 3-4. In any event, the facts BSD cites related to "directing" AWS are the same types of actions any AWS customer would take to direct its service provider for use of the service. Opp'n at 8-9. None of these facts support the extraordinary result that this Court should permit Amazon to proceed as a Defendant in this case, with no damages sought against it, and no accused product disclosed against it.

situation actually presented. As such, none of that authority supports BSD's desired outcome.

*Akamai* itself illustrates the point. There, the accused product was defendant Limelight's content delivery network product (CDN), which its customers could use to deliver Internet content. Not the customers' products, not some third-party product; Limelight's own product, its CDN. Customers' use of Limelight's CDN depended on the customers "tagging" or "serving" the content they wanted Limelight's CDN to host—steps of the asserted method claim. *Akamai*, 797 F.3d at 1024-25. In fact, to use Limelight's CDN, customers were required to sign a contract that "delineated the steps customers must perform." *Id.* at 1024. The Federal Circuit held this evidence supported a finding that Limelight "condition[ed] its customers' use of its content delivery network upon its customers' performance of the tagging and serving steps," and therefore "Limelight establishes the manner or timing of its customers' performance." *Id.* at 1024 ("[i]f Limelight's customers wish to use Limelight's product, they must tag and serve content.").

Amazon's alleged conduct is entirely different. It is undisputed that Amazon has no accused products. Instead, BSD seeks to hold Amazon liable for AWS's use of ***AWS's*** own products. BSD's contention is thus more akin to the reverse of *Akamai*—if Akamai had attempted to hold Limelight's ***customers*** liable for using Limelight's accused CDN. Here, Amazon has not conditioned AWS's access to, use of, or benefit from AWS's own accused services—those services are AWS's to begin with. As such, *Akamai* is simply inapplicable to the facts of this case.

BSD's other cited cases are similarly inapposite. *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370 (Fed. Cir. 2017), involved Travel Sentry providing its luggage lock passkeys to the Transportation Security Administration (TSA). The asserted patent claim required identifying compliant locks and using the passkeys to open the locks without breaking them—steps performed by the TSA. *Id.* at 1382-83. The court held that TSA's use of Travel Sentry's accused passkeys provided a benefit—opening luggage without breaking the locks—that would only be realized if the TSA performed the accused identifying and unlocking steps. *Id.* And as in *Akamai* but unlike this case, the defendant Travel Sentry conditioned the third party benefit based on use of the ***defendant's*** accused product to perform infringing steps.

In *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017), the

patented method involved a chemotherapy treatment including a pre-treatment regimen of folic acid. *Eli Lilly*, 845 F.3d at 1361. While physicians administered the main treatment, the patients self-administered the pre-treatment according to the doctors' instructions. *Id.* at 1362. If the patients did not take the folic acid as directed, doctors could withhold or delay treatment until the patients completed that step. *Id.* at 1366. The court held that the patient's self-administered pre-treatment was attributable to the doctors because doctors conditioned access to the main medication on their patients' completion of the pre-treatment regimen. *Id.* at 1367-68. Thus, unlike the present case, *Eli Lilly* involved the defendant's infringing actions conditioning steps performed by the third party – the reverse of the facts here.

*Muniauction* involved an online auction platform confronted with a method claim, infringement of which required users to input data associated with a bid. *Muniauction*, 532 F.3d at 1323. Once again, the accused product was the defendant Thomson's own platform. *Id.* As discussed above, that court's reasoning no longer constitutes good law, and even still, the *Muniauction* court ultimately concluded there was no infringement. *Id.* at 1330.

*BMC* involved a method that required a customer to enter information on a touchtone telephone keypad to make use of defendant's payment system. *BMC*, 498 F.3d at 1375. Like *Muniauction*, *BMC* was abrogated in part by *Travel Sentry*, and like in *Muniauction*, the *BMC* court concluded there was no infringement. *Id.* at 1381.

All told, each of these cases applies to a narrow exception where the defendant at issue has an accused product and specifically requires the remaining infringing steps be performed by a third party to complete the infringing method. That fact pattern is simply not present here, where defendant Amazon has no accused product and BSD attempts to penalize it for actions taken by a separate defendant, AWS. Accordingly, Amazon should be dismissed.

**3. Even If the *Akamai* Line of Cases Applied, BSD Cannot Satisfy the *Akamai* Test.**

Even if the narrow *Akamai* exception could apply here, BSD's theory would fail on its own merits because BSD cannot show Amazon conditioned any access or benefit based on the performance of certain steps. Indeed, in its opposition BSD points to just five facts, none of which

can satisfy *Akamai*'s test. Opp'n at 9-10 [redacted] and [redacted]. The reason is simple: the only disclosed accused products in this case are AWS products (and a Twitch system not relevant here). To the extent BSD now claims the [redacted] it has never identified any Amazon accused products in this case, nor identified any specific Amazon infringing acts in its infringement expert report related to [redacted]. Instead, BSD's own expert opined that all configured operations are performed by [redacted]. *See* Dkt. No. 281-10 (Jamieson Report) ¶ 525 [redacted] At bottom, the accused activity is and has always been AWS's.

BSD's remaining facts cannot support its argument either. [redacted] merely suggest that Amazon specified configuration details for the AWS products the way any AWS customer would. The [redacted] to which BSD refers pertained to [redacted], not the accused products. *See* Reply Statement of Facts ¶ 68. Moreover, BSD has not disclosed these facts in its contentions, nor did its expert rely on them to support any infringement analysis.

**B. BSD Cannot Defeat Summary Judgment Because Its Arguments Rely on Undisclosed or Expressly Disclaimed Theories**

BSD's efforts to proceed against Amazon also fail as a procedural matter. This judicial district has strict rules on how and when a patentee's infringement contentions must be made, and none of BSD's new theories comply with those requirements.

**1. BSD's Arguments Related to Prime Video Cannot Support Infringement.**

This Court has already expressly decided that Prime Video is not an accused product. Dkt. No. 251 at 3-4. With that in mind, BSD's opposition forcefully disavows any accusations of

infringement by Prime Video. Opp'n at 7-8. Nevertheless, ***all*** of BSD's new allegations of "infringement" by Amazon rely on discussions of Prime Video (or Amazon Video, Prime Video's previous moniker). Opp'n at 2-3. This is fatal to maintaining BSD's infringement argument: the allegations about Prime Video concern a product even BSD agrees is not accused, and therefore its functionality cannot support facts disputing infringing steps of a method claim. To wit, BSD's own damages expert [redacted]. Ex. 14 (A. Raffalovich Dep. Tr. (rough)) at 8:3-8:6 [redacted] Accordingly, BSD has no cogent infringement allegations against Amazon.

Nevertheless, despite openly admitting that Prime Video is not an accused product, BSD's opposition treats it like one. Indeed, ***every single fact*** cited in the Opposition's Factual Background Section (II.A.) regarding Thursday Night Football pertains to Prime Video (sometimes referring to it as Amazon Video) (all emphases added):

- "***Amazon Prime Video*** streamed eleven NFL games." Opp'n at 2.
- "***Amazon Video's*** Head of Video Playback and Delivery described the system as Amazon's own." *Id.* at 2-3.
- [redacted]. *Id.* at 3.
- [redacted] *Id.*
- "The log records that [redacted]" *Id.*
- "the ***PV*** [Prime Video] Live Ops team…" *Id.*
- "***Amazon Video*** also [redacted]." *Id.*
- "***Prime Video's*** planning documents also record that, in 2017, ***Prime Video*** [redacted] *Id.*
- "Before the 2018 season, [redacted]." *Id.*

Even if BSD could meaningfully differentiate between Prime Video and Amazon Video or Thursday Night Football, it did not disclose either of those offerings as being accused pursuant to Patent Local Rule 3-1(b). Instead, BSD's infringement accusations were expressly limited to

"AWS Elemental MediaLive, AWS Elemental Live, AWS Elemental MediaPackage, AWS Elemental Delta, and the Twitch live-video streaming system." Dkt. No. 281-3 at 3. Accordingly, any effort now to add Prime Video as an accused product—or Amazon as an accused infringer—should fail.

**2. BSD Did Not Disclose a Joint Infringement Theory, and Cannot Include One Now in the Veneer of an *Akamai* Theory.**

In addition to failing to name Amazon Video or Prime Video among its infringement allegations, BSD also failed to disclose any theory of joint infringement in its required contentions. Patent Local Rule 3-1(d) expressly requires: "Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described." BSD concedes it did not disclose any theory of joint infringement but contends now that it was not required to because its "contentions do not rest on joint acts." Opp'n at 14-15.

BSD's attempt to characterize its theory as anything other than an undisclosed joint infringement theory is belied by its own brief—both the statements in the opposition and the case law it cites relate to joint infringement. First, the entire premise of BSD's opposition brief is that both parties were involved in the purported infringement. Opp'n at 5 ("***AWS*** used the Accused Instrumentalities to live stream on behalf of ***Amazon.com***."), 8 ("the Thursday Night Football broadcasts were ***Amazon's*** and ***AWS delivered them*** for Amazon."). Second, as BSD's opposition points out, its own infringement expert opined not that Amazon or AWS infringed the patent individually, but that "Defendants [defined to include both Amazon and AWS] have infringed the Asserted Claims." Opp'n at 4. Thus, BSD plainly attempts to improperly claim joint infringement.

BSD's arguments also rely almost entirely on case law concerning joint infringement. *See, e.g.*, *Muniauction*, 532 F.3d at 1328 ("[T]he only theory of infringement presented by Muniauction is that of so-called joint infringement."); *Akamai*, 797 F.3d at 1022, n.2 (analyzing whether "an alleged infringer is responsible for method steps performed by a third party" in "the context of joint patent infringement"); *BMC*, 498 F.3d at 1378 ("The case presents the issue of the proper standard for joint infringement by multiple parties of a single claim."). If BSD is not asserting joint infringement, the case law it cites has no relevance. If BSD is now asserting joint infringement, it

completely failed to disclose this theory at the appropriate time. Either way, this new allegation cannot be the reason to keep Amazon in the case as a defendant.

**3. BSD's Argument that "A Jury Could Find that Amazon Directed and Authorized the Accused Services Generally" Is Entirely Speculative.**

BSD also makes the extraordinary claim that, "[a]part from the Thursday Night Football broadcasts, a parent may be liable on an agency theory where it directed or authorized its subsidiaries' accused activities." Opp'n at 13. This one-paragraph argument relies on a faulty interpretation of the case law. The two cases BSD cites were decided at the motion to dismiss stage and each dealt with a defendant directly controlling and directing the accused activity. *British Telecomms. PLC v. IAC/InterActiveCorp*, 356 F. Supp. 3d 405, 408-12 (D. Del. 2019) (the parent "provides the technology and network systems that perform the steps for the Match.com, Tinder, and OkCupid products/services that infringe [British Telecom's] patents"); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351–53 (Fed. Cir. 2018) ("Defendants controlled all aspects of the power plant operations during the [purportedly infringing] test."). As Amazon explained in its opening brief, "directing" or "authorizing" a subsidiary's activity "generally" does not give rise to infringement liability. *See Bowoto*, 312 F. Supp 2d. at 1240 ("Not only must an arrangement exist between the two corporations so that one acts on behalf of the other and within usual agency principles, but the arrangement must be relevant to the plaintiff's claim of wrongdoing."). But BSD does not identify any such arrangement by which Amazon directly controls AWS's activity with respect to the accused products, especially "[a]part from the Thursday Night Football broadcasts." Instead, it points to Amazon's "[redacted]," [redacted] and its [redacted]. Opp'n at 13. These facts say nothing about Amazon directing any purportedly infringing activity and thus cannot support a finding that Amazon could be liable for infringement. And BSD's other allegations, discussed previously, are limited in scope to Prime Video and its Thursday Night Football streams, and say nothing regarding Amazon "directing" or "authorizing" accused AWS activity generally. Once again, none of this provides a reason to keep Amazon in this case when it has no infringing products, is not accused of joint infringement, and is not the subject of any damages theory.

### C. BSD Cannot Prove Willful Infringement Because There Is No Evidence of Specific Intent to Infringe.

Even if BSD can sustain claims of infringement against Amazon, its willfulness claims must be dispatched. As Judge Orrick recognized at the start of this case, "[t]o establish willfulness, the patentee must show the accused infringer had [the] ***specific intent to infringe*** at the time of the challenged conduct." Dkt. No. 51 at 4 (emphasis added). Yet, the ***only*** facts BSD have developed through discovery show—at most—that Amazon's in-house counsel had knowledge of the '473 patent. Opp'n at 17-18. BSD's opposition identifies nothing addressing specific intent. Rather, BSD argues only that "[i]ntent is a question of fact" and suggests that a jury could ***infer*** intent based solely on knowledge of the patent. Opp'n at 18. Even supposing Amazon's counsel "understood what [the patent] covered," as BSD contends, that is wholly insufficient. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021) (affirming judgment as a matter of law of no willfulness because "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."). Accordingly, as Amazon has maintained from the very start, BSD cannot demonstrate willfulness and summary judgment on this issue is appropriate.

## III. CONCLUSION

For the reasons stated above and in Amazon's opening brief, Amazon respectfully requests an order granting summary judgment of noninfringement in Amazon's favor on all claims or, in the alternative, an order granting summary judgment as to BSD's claims for willful infringement against Amazon.

Dated: November 5, 2026

By: */s/ Robin L. Brewer*
Robin L. Brewer

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Attorney for Defendant
AMAZON.COM, INC.

•